**Michigan Supreme Court**
**Lansing, Michigan**

# Opinion

Chief Justice:        Justices:
Clifford W. Taylor    Michael F. Cavanagh
                      Elizabeth A. Weaver
                      Marilyn Kelly
                      Maura D. Corrigan
                      Robert P. Young, Jr.
                      Stephen J. Markman

FILED MARCH 26, 2008

ROLAND KAISER, Personal Representative
of the Estate of MARION KAISER,
Deceased,

      Plaintiff-Appellee,

v                                No. 133031

JAMES ROBERT ALLEN, a/k/a
JAMES KROTZER,

      Defendant-Appellant.

_____

BEFORE THE ENTIRE BENCH

WEAVER, J.

At issue in this case is whether the 1995 tort-reform amendments of MCL 600.2957(1) and MCL 600.6304(1) abrogate the common-law setoff rule in automobile accident cases in which the owner of the vehicle is vicariously liable for the operator's negligence.

We reverse the Court of Appeals holding that the common-law setoff rule does not apply. To the extent that joint and several liability principles have not been abrogated by statute, they remain intact, and the common-law setoff rule remains the law in Michigan for vehicle-owner vicarious-liability cases. As a

result, plaintiff's jury verdict against defendant Allen must be offset pro tanto by the settlement paid by defendant Keidel.

## I. FACTS AND PROCEEDINGS

The material facts in this case are not in dispute. Marion Kaiser was killed in an automobile accident on June 26, 2001. Defendant James Allen was the driver of the vehicle, and defendant Gary Keidel was the owner of the vehicle. Roland Kaiser, the personal representative of the decedent's estate, filed a complaint in the Bay Circuit Court on October 3, 2003, alleging negligence by Allen, and by Keidel as the owner of the vehicle through vicarious liability.

On November 18, 2004, plaintiff settled with Keidel for $300,000. An order dismissing Keidel from the suit was entered on November 22, 2004.

The case proceeded to trial against Allen, the driver, only. Allen admitted liability, and a jury trial was conducted, limited to the issue of plaintiff's damages. On June 2, 2005, the jury returned a verdict awarding plaintiff $100,000 in damages. The verdict stated:

> We, the Jury, make the following answers to the questions submitted by the Court:
>
> What is *the total amount of damages* suffered by the Estate of Marion Rose Kaiser as a result of her death in this accident?
>
> Answer: $100,000.00 [Emphasis added.]

Allen requested, over plaintiff's objection, that the trial court set off the $100,000 jury award for the plaintiff against the $300,000 already paid to the

plaintiff by the settling codefendant, Keidel. The trial court granted the setoff request, leaving the net sum owed to plaintiff by Allen at zero. The order of judgment entered on July 5, 2005. The trial court reasoned that setoff was proper in this case because the damages for the injury, in its entirety, were encompassed by Keidel's settlement sum.

Plaintiff filed a motion for reconsideration in the trial court, but the motion was denied. Plaintiff then appealed as of right in the Court of Appeals, challenging only the setoff of the judgment by the trial court. On October 31, 2006, the Court of Appeals issued an unpublished decision that reversed the trial court's setoff and remanded the case for entry of a judgment for plaintiff in the amount of the jury's verdict. *Kaiser v Allen*, unpublished opinion per curiam of the Court of Appeals, issued October 31, 2006 (Docket No. 264600). The Court of Appeals reasoned that the vehicle's operator, Allen, and the vehicle's owner, Keidel, were "concurrent tortfeasors"; that statutory tort reform had converted joint and several liability into several liability; that Allen was liable only for his portion of fault, separate from Keidel's portion of fault; and that Allen's liability was $100,000. The Court of Appeals analysis focused solely on the tort-reform statutory allocation of fault, concluding that the common-law setoff provision had not survived the tort-reform statutory scheme. Allen moved for reconsideration, but the Court of Appeals denied the motion.

Allen applied for leave to appeal in this Court. We granted leave to appeal by order dated April 13, 2007. *Kaiser v Allen*, 477 Mich 1097 (2007).

## II. STANDARD OF REVIEW

Whether the jury award in this case is subject to a setoff for the earlier settlement of a codefendant is a purely legal question that is reviewed de novo by this Court. See *Wold Architects & Engineers v Strat*, 474 Mich 223, 229; 713 NW2d 750 (2006). Questions of statutory interpretation are also reviewed de novo. *Ostroth v Warren Regency, GP, LLC*, 474 Mich 36, 40; 709 NW2d 589 (2006).

## III. ANALYSIS

To the extent that joint and several liability principles have not been abrogated by statute, they remain the law in Michigan. In vicarious-liability cases, in which the latent tortfeasor's fault derives completely from that of the active tortfeasor, there can be no allocation of fault. The tort-reform statutes do not apply to allocation of fault in vehicle-owner vicarious-liability cases because the fault is indivisible.[1] Therefore, the common-law setoff rule remains the law in Michigan for vehicle-owner vicarious-liability cases.

The tort-reform statutes applicable in this case are MCL 600.2957(1) and MCL 600.6304(1) and (8).

MCL 600.2957(1) states in relevant part:

> In an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death,

---

[1] See MCL 257.401(1) and MCL 600.6304(8).

4

the liability of each person shall be allocated under this section by the trier of fact and, subject to section 6304, in direct proportion to the person's percentage of fault. In assessing percentages of fault under this subsection, the trier of fact shall consider the fault of each person, regardless of whether the person is, or could have been, named as a party to the action.

MCL 600.6304 states in relevant part:

(1) In an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death involving fault of more than 1 person, including third-party defendants and nonparties, the court, unless otherwise agreed by all parties to the action, shall instruct the jury to answer special interrogatories or, if there is no jury, shall make findings indicating both of the following:

(a) The total amount of each plaintiff's damages.

(b) The percentage of the total fault of all persons that contributed to the death or injury, including each plaintiff and each person released from liability under section 2925d, regardless of whether the person was or could have been named as a party to the action.

* * *

(8) As used in this section, "fault" includes an act, an omission, conduct, including intentional conduct, a breach of warranty, or a breach of a legal duty, or any conduct that could give rise to the imposition of strict liability, that is a proximate cause of damage sustained by a party.

These statutory provisions, included among the provisions referred to as the "tort-reform statutes," are designed to allocate fault and responsibility for damages among multiple tortfeasors. The tort-reform statutes have abolished joint and several liability in cases in which there is more than one tortfeasor actively at fault. Traditionally, before tort reform, under established principles of joint and several liability, when the negligence of multiple tortfeasors produced a single

indivisible injury, the tortfeasors were held jointly and severally liable. *Watts v Smith*, 375 Mich 120, 125; 134 NW2d 194 (1965); *Maddux v Donaldson*, 362 Mich 425, 433; 108 NW2d 33 (1961). The tort-reform statutes have replaced joint and several liability in most cases, with each tortfeasor now being liable only for the portion of the total damages that reflects that tortfeasor's percentage of fault.

However, the tort-reform allocation-of-fault provisions do not apply to vicarious-liability cases because a vicariously liable tortfeasor is not at "fault" as defined by MCL 600.6304(8). Under MCL 600.6304(8), "fault" is defined as "an act, an omission, conduct, including intentional conduct, a breach of warranty, or a breach of a legal duty, or any conduct that could give rise to the imposition of strict liability, that is a proximate cause of damage sustained by a party." "[A] proximate cause" is "a foreseeable, natural, and probable cause" of "the plaintiff's injury and damages." *Shinholster v Annapolis Hosp*, 471 Mich 540, 546; 685 NW2d 275 (2004).

Owner liability for an automobile operator's negligence, on the other hand, is a statutorily created vicarious liability. In vicarious-liability cases, one tortfeasor is at fault, and the other tortfeasor, through legal obligation, is entirely liable for the active tortfeasor's negligent actions; that is, the actions of the vicariously liable tortfeasor are not a "natural" cause of the injury. Accordingly, the actions of a vicariously liable tortfeasor do not constitute a proximate cause of that injury.

The vehicle-owner liability statute, MCL 257.401(1), states in relevant part:

> This section shall not be construed to limit the right of a person to bring a civil action for damages for injuries to either person or property resulting from a violation of this act by the owner or operator of a motor vehicle or his or her agent or servant. The owner of a motor vehicle is liable for an injury caused by the negligent operation of the motor vehicle whether the negligence consists of a violation of a statute of this state or the ordinary care standard required by common law. The owner is not liable unless the motor vehicle is being driven with his or her express or implied consent or knowledge. It is presumed that the motor vehicle is being driven with the knowledge and consent of the owner if it is driven at the time of the injury by his or her spouse, father, mother, brother, sister, son, daughter, or other immediate member of the family.

MCL 257.401(1) establishes the vicarious liability of an automobile owner for the negligence of a driver who uses the automobile with the owner's permission. See *Phillips v Mirac, Inc,* 470 Mich 415; 685 NW2d 174 (2004).

There is no percentage of fault and no distinct amount of damages that belongs to the vehicle owner separate from those of the negligent operator. The owner of the vehicle does not need to negligently lend his car to the operator to incur legal liability—he or she merely needs to own the vehicle. As a result, under MCL 257.401(1), a vehicle owner can be held liable for a plaintiff's injuries without being a foreseeable and natural cause of the plaintiff's injuries, that is, without being a proximate cause of the plaintiff's injuries. The *purpose* behind the owner-liability statute is to hold the passive owner 100 percent liable for the operator's negligence. The basis for a vicariously liable tortfeasor's liability is entirely derivative and does not meet the statutory definition of "fault" because the owner of the vehicle does not need to be the proximate cause of the plaintiff's

7

injuries to be held liable for them. As a result, MCL 600.2957(1) and MCL 600.6304 do not apply to vehicle-owner vicarious-liability cases.

Because MCL 600.2957(1) and MCL 600.6304 do not apply to vehicle-owner vicarious-liability cases, the common-law setoff rule remains the operable rule of law to determine the plaintiff's recovery of damages. The common-law setoff rule is based on the principle that a plaintiff is only entitled to one full recovery for the same injury. An injured party has the right to pursue multiple tortfeasors jointly and severally and recover separate judgments; however, a single injury can lead to only a single compensation. See *Verhoeks v Gillivan*, 244 Mich 367, 371; 221 NW 287 (1928).

Plaintiff argues that the liability structure created by the tort-reform statutes means that the jury verdict against Allen represents only the amount due for his portion of the fault in the accident; as such, the jury award against Allen cannot be offset by the previous settlement amount because the settlement paid by Keidel represented payment only for Keidel's allocation of fault. This analysis is doubly flawed. First, the jury verdict awarding damages to plaintiff explicitly states that the award is for "the total amount of damages" suffered by the plaintiff. Second, the damages in this case are *all* due to the fault of Allen because Keidel is only vicariously liable for Allen's actions—Keidel is liable for *everything* that Allen is liable for through vicarious liability conferred by the vehicle-owner liability statute. Allowing plaintiff to recover the entire verdict against Allen and to retain all the proceeds from the settlement from Keidel would allow the plaintiff to

8

recover four times more than the jury determined plaintiff should be awarded for his injuries. The Legislature did not intend that a plaintiff be awarded damages greater than the actual loss in vicarious-liability cases, resulting in a double recovery. The common-law setoff rule should be applied to ensure that a plaintiff only recovers those damages to which he or she is entitled as compensation for the whole injury. Plaintiff's jury verdict against Allen must be offset pro tanto by the settlement paid by Keidel.

## IV. CONCLUSION

To the extent that joint and several liability principles have not been abrogated by statute, they remain intact, and the common-law setoff rule remains the law in Michigan with regard to vehicle-owner vicarious-liability cases. Consequently, plaintiff's jury award against Allen must be reduced pro tanto by plaintiff's settlement proceeds from Keidel.

We reverse the judgment of the Court of Appeals and hold that plaintiff's jury verdict against Allen must be offset pro tanto by the settlement paid by Keidel.

Elizabeth A. Weaver
Clifford W. Taylor
Michael F. Cavanagh
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman

9

STATE OF MICHIGAN

SUPREME COURT

ROLAND KAISER, Personal Representative
of the Estate of MARION KAISER,
Deceased,

        Plaintiff-Appellee,

v                                          No. 133031

JAMES ROBERT ALLEN, a/k/a
JAMES KROTZER,

        Defendant-Appellant.

_____

KELLY, J. (*concurring*).

The issue here is whether the common-law setoff rule applies in this vehicle-owner vicarious-liability case. The majority decides that it does. I agree. But I write separately to offer another view of the issue.

For many years, the rule in this state was that concurrent tortfeasors were jointly and severally liable.[1] As this Court explained:

> This meant that where multiple tortfeasors caused a single or indivisible injury, the injured party could either sue all tortfeasors jointly or he could sue any individual tortfeasor severally, and each individual tortfeasor was liable for the entire judgment, although the injured party was entitled to full compensation only once.[2]

---

[1] *Gerling Konzern Allgemeine Versicherungs AG v Lawson*, 472 Mich 44, 49; 693 NW2d 149 (2005).

[2] *Id.*

A corollary of joint and several liability was that, if one of the tortfeasors settled, the judgment against the nonsettling defendant was reduced by the settlement amount. Thus the injured party was limited to one full recovery.[3] This limitation became known as the common-law setoff rule.

Tort reform altered the general rule that liability was joint and several. Specifically, MCL 600.2956 reads: "Except as provided in [MCL 600.6304], in an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death, the liability of each defendant for damages is several only and is not joint." Accordingly, after tort reform, liability is several, though there are specific exceptions for which joint and several liability survives.[4]

This case involves the vehicle-owner liability statute.[5] It makes the owner of an automobile liable for the negligence of a driver who uses the automobile with the owner's permission.[6] Notably, though the statute imposes liability on the owner regardless of whether he or she was negligent, no statute specifically provides that vehicle-owner vicarious-liability is an exception to several liability.

---

[3] *Thick v Lapeer Metal Products*, 419 Mich 342, 348 n 1; 353 NW2d 464 (1984).

[4] See MCL 600.6304(6)(a); MCL 600.6312.

[5] MCL 257.401(1).

[6] *Id.*

Because there is no specific exception to several liability for vehicle-owner vicarious liability, the plaintiff contends that the setoff rule does not apply. The Court of Appeals accepted this argument, reasoning that, when liability is several, no need exists to reduce the award entered against the nonsettling tortfeasor by the amount the settling tortfeasor paid. Each defendant is liable for no more than the percentage of damages attributable to his or her own negligence.[7]

The reasoning employed by the Court of Appeals is generally accurate. When liability is several, each tortfeasor ordinarily will be liable for the percentage of damages attributable to his or her own negligence.[8] A setoff will be unnecessary because, even without it, the plaintiff will recover full compensation only once. But in cases like this one, in which liability is not based on a tortfeasor's own negligence but is imposed by a statute, the Court of Appeals reasoning falls apart.

Only the driver of the car is liable on the basis of negligence. The owner of the car is liable because a statute specifically imposes liability on him or her, not because the owner was negligent. Therefore when the vehicle-owner liability statute applies and there is no setoff, the injured party could recover more than full compensation. For example, when, as here, the owner settles and the driver goes

---

[7] *Kaiser v Allen*, unpublished opinion per curiam of the Court of Appeals, issued October 31, 2006 (Docket No. 264600).

[8] See MCL 600.2957(1); MCL 600.6304(4) and (8).

to trial, the injured party will receive both the settlement amount and the judgment rendered against the driver. This will necessarily mean that the injured party will recover more than full compensation, given that the award against the driver represents the total amount of the injured party's damages.

The common-law setoff rule is based on the premise that a plaintiff is entitled to no more than full recovery for his or her injuries. Importantly, tort reform did nothing to overrule the common-law setoff rule. It simply makes it unnecessary to apply the rule in most situations. But in cases like this one, in which it is necessary to apply the rule to prevent overcompensation, its application is appropriate. Thus, I concur in the decision of the majority to reverse the judgment of the Court of Appeals and hold that the setoff was proper in this case.

Marilyn Kelly