# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 9, 2009

137968

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

GWINIOV J. RILEY,
    Plaintiff-Appellee,

v

STATE FARM FIRE AND
CASUALTY COMPANY,
    Defendant-Appellant.

SC: 137968
COA: 276195
Muskegon CC: 03-042817-CZ

_____/

On order of the Court, the application for leave to appeal the September 25, 2008 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

KELLY, C.J. (*concurring*).

I concur in the Court's order denying defendant's application for leave to appeal. I write separately in response to Justice Corrigan's dissenting statement.

Defendant State Farm Fire and Casualty Company provided a homeowner's insurance policy to plaintiff. The policy included coverage for damage caused by mold. In January 2001, plaintiff's home was damaged by an ice dam, and in April 2002, the home sustained damage from a leaking toilet. Defendant paid more than $100,000 for mold remediation, structural repairs, content replacement or cleaning, and additional living expenses for plaintiff and her family when they could not live in the house. Defendant then advised plaintiff that it had repaired the home as required by the policy. However, when plaintiff continued to be ill after returning to the home, she sued on the basis of numerous theories. The jury returned a verdict in favor of plaintiff in the amount of $164,450, comprised of several awards. Specifically, the jury awarded $106,000 for property repair and replacement costs, $43,000 for cleaning or replacing contents, and $15,450 for additional living expenses. The trial court entered a final judgment of $33,523.49 after determining that defendant was entitled to a setoff of $140,111.02 for amounts it had previously paid plaintiff.

Plaintiff appealed as of right. The Court of Appeals held that the jury intended to award damages only for the time after defendant had stopped paying benefits under the policy and therefore reversed the trial court's setoff determination. The Court of Appeals remanded for the entry of judgment for plaintiff in the amount of $124,450, plus case evaluation sanctions. Defendant now seeks leave to appeal in this Court.

Defendant contends that the Court of Appeals erroneously vacated the trial court's setoff determination. I disagree. Plaintiff's complaint specifically sought damages for breach of contract and alleged that defendant was responsible for all losses caused by mold. The trial court instructed the jury that plaintiff could receive damages "naturally arising from the breach." The instruction further informed the jury that, if it found a breach, it had to determine damages for losses relating to the property, its contents, and for additional living expenses. Then it told the jury to determine its award regardless of any setoff for amounts already paid by defendant. Yet the instruction then stated that the jury could "evaluate the amounts allegedly paid and the timing of those payments."

These instructions undoubtedly lack clarity. But plaintiff's theory from the start, unequivocally expressed to the jury, was that defendant owed more money for the losses incurred than it had already paid under her policy. In defense, defendant argued that it owed plaintiff nothing more. Therefore, the fact that the jury awarded damages for breach of contract suggests that it accepted plaintiff's theory of the case. Such an award would not allow the trial court to impose a setoff. The damages awarded under plaintiff's breach of contract theory would cover losses in addition to the losses for which defendant already paid.

Furthermore, the Court of Appeals was correct to reverse the trial court's setoff award because the damages plaintiff sought were those arising from defendant's breach of contract. That breach of contract did not occur until defendant stopped paying benefits under plaintiff's policy. Thus, any award in plaintiff's favor, given that plaintiff sought damages for breach of contract, was specifically earmarked as damages resulting from defendant's failure to continue payments. They were not damages for which defendant could claim a setoff for amounts paid before the contract's breach.

Finally, the purchase price and market value of plaintiff's home are not pertinent to the legal issues presented in this case. Defendant paid approximately $100,000 for losses related to plaintiff's home before this action was brought. The fact that defendant paid this amount did not relieve it from potential liability in the instant matter. Indeed, the jury determined that plaintiff was entitled to damages based on defendant's breach of contract. Thus, whether defendant's liability extended beyond the initial purchase price or market value of plaintiff's home is wholly irrelevant here.

In sum, I concur in the order denying defendant's application for leave to appeal. The Court of Appeals properly held that defendant was not entitled to a setoff for amounts previously paid under plaintiff's policy.

CORRIGAN, J. (*dissenting*).

I respectfully dissent from the order denying defendant's application for leave to appeal. Because the Court of Appeals blatantly undermined common-law setoff rules when it reversed the trial court's order to reduce the jury verdict by prior settlement amounts, I would grant leave to appeal or peremptorily reinstate the trial court's order.

Plaintiff, Gwiniov Riley, purchased a house for $70,000. She insured it with a homeowner's policy issued by defendant State Farm Fire and Casualty Co (State Farm). In January 2001, plaintiff filed a claim for loss resulting from ice damming, which State Farm paid. In April 2002, plaintiff filed a second claim for loss resulting from a leaky toilet. State Farm's agent determined that plaintiff and her family should vacate the house because the leak had caused visible mold growth. From April 2002 to December 2002, State Farm paid various contractors to assess the air quality of the house, remove the mold, refurbish parts of the house, and replace its damaged contents. State Farm also paid the additional living expenses of plaintiff's family so they could reside elsewhere during the remediation. In total, State Farm paid approximately $95,000 on plaintiff's claim during this period. The house was worth between $100,000 and $110,000. On December 2, 2002, State Farm advised plaintiff that defendant had fully honored its policy obligations. State Farm further asserted that because the house had passed clearance testing, it would not make additional payments on the leaky toilet claim.

Plaintiff filed suit, arguing that the mold remediation was unsuccessful and that she continued to suffer losses resulting from the leak. After an eight day trial, the jury awarded plaintiff a verdict in the amount of $164,450. State Farm sought a financial setoff in the amount that it had already paid on plaintiff's ice damming and leaky toilet claims, or $110,111.02. Additionally, State Farm sought a setoff of $100,000, which included the total settlement between plaintiff and two additional defendants as a result of an earlier case evaluation. The two additional defendants had worked as contractors on plaintiff's house. The trial court agreed with State Farm in part and ordered $140,111.02 in financial setoffs. The final judgment awarded to plaintiff was $33,523.49 with costs. Plaintiff appealed as of right. A divided Court of Appeals panel vacated the financial setoffs and remanded for entry of judgment in the amount of $125,450 plus case evaluation sanctions.[1] State Farm now seeks leave to appeal in this Court.

---

[1] *Riley v State Farm Fire and Casualty Co*, unpublished opinion per curiam of the Court of Appeals, issued September 25, 2008 (Docket No. 276195).

The Court of Appeals ruling barring the trial court's setoffs obliterates well-established legal principles regarding setoffs. The common-law setoff rule "is based on the principle that a plaintiff is only entitled to one full recovery for the same injury." *Kaiser v Allen*, 480 Mich 31, 39 (2008); see also *Great Northern Packaging, Inc v General Tire and Rubber Co*, 154 Mich App 777, 781 (1986) ("As a general rule, only one recovery for a single injury is allowed under Michigan law."). In *Kaiser*, the Court held that the common-law setoff rule remains the law for vehicle-owner vicarious-liability cases to the extent that joint and several liability principles have not been abrogated by statute. *Kaiser, supra* at 33. Admittedly, this case does not implicate vehicle-owner vicarious-liability issues. Nonetheless, the *Kaiser* rationale is instructive here because neither party asserts that the tort-reform statutes have somehow abrogated the common-law setoff rule. Consequently, "the common-law setoff rule should be applied to ensure that a plaintiff only recovers those damages to which . . . she is entitled as compensation for the whole injury." *Id*. at 40.

In this case, the setoffs imposed by the trial court prevented plaintiff from realizing an oversized windfall. Before the trial began, plaintiff settled with two additional defendants in the amount of $100,000. Neither side apprised the jury of this settlement. Additionally, State Farm had already paid plaintiff $110,111.02 to resolve her claims. The trial court instructed the jury about the assessment of damages, stating in relevant part:

> Whether or not State Farm is entitled to a credit or offset for amounts already paid is a question of law for the Court to determine. In making your assessment, therefore, I am asking you to award such sums to the plaintiff as you find she has proved regardless of any offset for amounts paid. If I find that State Farm is entitled to such a credit or offset, I will make that decision as a matter of law after the trial. You may, however, evaluate the amounts allegedly paid and the timing of those payments in making all other decisions you need to make.

After the jury issued its verdict, the trial court determined that State Farm was entitled to a setoff in the amount of $30,000 because of the overlapping breach of contract theory on which plaintiff sued both State Farm and one of the other defendants. The trial court's ruling regarding the amounts previously paid by other defendants aligns with this Court's requirement of not informing the jury about the existence of a settlement between plaintiff and another defendant. See *Brewer v Payless Stations, Inc*, 412 Mich 673, 679 (1982). Moreover, by implementing a financial setoff in the amount already paid by defendant State Farm, the trial court ensured that "a plaintiff is not *overcompensated* for . . . her actual loss as determined by the trier of fact." *Velez v Tuma*, 283 Mich App 396, 413 (2009) (emphasis in original).

By its decision today, this Court allows plaintiff to recover nearly three times the amount it would cost to demolish and rebuild her home. Because allowing plaintiff to recover such a sizable windfall obliterates the common-law setoff rule, I would grant leave to appeal or issue a peremptory order reinstating the financial setoffs imposed by the trial court.

YOUNG and MARKMAN, JJ., join the statement of CORRIGAN, J.

MARKMAN, J. (*dissenting*).

I join Justice Corrigan's dissenting statement and write separately to emphasize a single point. As a result of the majority's denial of defendant's application for leave to appeal, and its refusal to reinstate the trial court's setoff ruling, plaintiff will have received a total recovery of $335,561 under a homeowner's policy for damage done to a house that was valued no higher than $110,000. This is an unjust and indefensible result.

YOUNG, J., joins the statement of MARKMAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 9, 2009

_____
Clerk