AUTO-OWNERS INSURANCE COMPANY
v FERWERDA ENTERPRISES, INC (ON REMAND)

Docket No. 277574. Submitted November 17, 2009, at Lansing. Decided
January 28, 2010, at 9:00 a.m.

Auto-Owners Insurance Company brought an action in the Mason
Circuit Court, seeking a determination regarding its liability to its
insured, Ferwerda Enterprises, Inc., doing business as Holiday Inn
Express Ludington (Holiday Inn), under a commercial general
liability insurance policy for injuries sustained by Daryl and
Melissa Bronkema and their three minor children. The Bronkemas
were exposed in Holiday Inn's indoor-pool building to gas from
chlorine and muriatic acid that had formed in the system that
filters, heats, and sanitizes the pool water. Holiday Inn filed a
counterclaim, alleging breach of contract, estoppel, and waiver and
seeking attorney fees and penalty interest. The court, Richard I.
Cooper, J., granted summary disposition in favor of Holiday Inn,
determining that the Bronkemas' personal injury claims fell
within the scope of the policy, specifically the heating equipment
exception to the policy's pollution exclusion. The court entered a
judgment in favor of Holiday Inn on its breach of contract claim
and its claim that Auto-Owners owed it a duty to defend and
indemnify against the Bronkemas' underlying personal injury
lawsuit and awarded costs and attorney fees. The court also
awarded the Bronkemas attorney fees and costs and awarded
penalty interest to Holiday Inn and the Bronkemas. Auto-Owners
appealed, and Holiday Inn cross-appealed with regard to the
dismissal of its counterclaims based on waiver and estoppel. The
Court of Appeals, BANDSTRA and GLEICHER, JJ., reversed the trial
court's holding that the heating equipment exception provided
coverage and that, as a result, Auto-Owners was obligated to
defend and indemnify Holiday Inn in the underlying suit. Instead,
the Court of Appeals held that the language of the policy was
ambiguous and could be construed to include or exclude coverage
for the incident and, therefore, the meaning of the policy should be
ascertained by the fact-finder. The Court of Appeals also held that
questions of fact existed regarding whether the chemicals used in
the treatment of the pool water were pollutants subject to the
pollution exclusion provision of the policy. Finally, the Court of

Appeals affirmed the dismissal of Holiday Inn's claims of waiver and estoppel and, while not specifically discussing Auto-Owners' claim that the trial court erred by awarding attorney fees to Holiday Inn and the Bronkemas, reversed that holding. 283 Mich App 243 (2009). Judge O'CONNELL, dissenting, stated that the policy was unambiguous and should be construed to provide coverage for the incident. Holiday Inn and the Bronkemas sought leave to appeal and Auto-Owners filed a cross-application for leave to appeal. The Supreme Court, in lieu of granting leave to appeal, reversed the judgment of the Court of Appeals and remanded the case to the Court of Appeals for consideration of whether the trial court properly assessed the attorney fees and penalty interest against Auto-Owners. The Supreme Court also held that the circuit court correctly granted summary disposition in favor of the defendants because the policy unambiguously provided coverage for defendants' claim and, therefore, the Supreme Court also reinstated the circuit court's judgment. 485 Mich 905 (2009).

On remand, the Court of Appeals *held*:

1. Given the trial court's explicit statement that the suit was not frivolous and that there was law supporting plaintiff's position, attorney fees were not properly awarded under MCR 2.625 (A)(2). Plaintiff does not appear to have brought the litigation for an improper purpose. The trial court erred by awarding defendants attorney fees.

2. The trial court erred by awarding penalty interest. The "reasonably in dispute" language in MCL 500.2006(4) applies to third-party tort claimants. The breach of contract claim in this case is specifically tied to the underlying third-party tort claim. The claim was reasonably in dispute and, therefore, the nonpayment of the underlying tort claim was not an unfair trade practice. In addition, the Bronkemas are not entitled to collect on the underlying judgment because that judgment was reversed on appeal. The awards of attorney fees and penalty interest must be reversed and the case must be remanded to the trial court for further proceedings.

Reversed and remanded.

*Gross & Nemeth, P.L.C.* (by *James G. Gross*), and *Lincoln G. Herweyer, P.C.* (by *Lincoln G. Herweyer*), for Auto-Owners Insurance Company.

*Varnum LLP* (by *Mark S. Allard* and *April H. Sawhill*), for Ferwerda Enterprises, Inc.

*Gee & Longstreet LLP* (by *Bruce W. Gee*) for Daryl, Jackson T., Caleb A., Savannah J., and Melissa Bronkema.

Before: O'CONNELL, P.J., and BANDSTRA and GLEICHER, JJ.

ON REMAND

O'CONNELL, P.J. This case is on remand from the Supreme Court.[1] On remand, this Court is charged with determining whether the trial court erred in assessing attorney fees and penalty interest against Auto-Owners Insurance Company (Auto-Owners). We reverse the award of attorney fees and penalty interest and remand this case to the trial court for further proceedings.

I. UNDERLYING FACTS AND PROCEEDINGS

This Court's initial opinion contains a concise statement of the events that led to the instant litigation:

> The Holiday Inn Express Ludington offers its guests the use of a swimming pool, located in a building attached to the hotel. The equipment used to operate the pool includes a water pump, polyvinyl chloride (PVC) lines that carry pool water to and from the water pump, a boiler that heats the pool water, and a device called a Rola-Chem that dispenses chemicals into the pool water. The pump propels pool water through the PVC lines into the filter and then into the boiler, which heats the water. From the boiler, the warmed water travels to the Rola-Chem, which injects chlorine and muriatic acid, and the pump then pushes the warmed, chemically treated water back into the pool. An affidavit signed by Jeffrey Curtis, Holiday Inn's general manager, describes the mechanical equipment as "an integrated system that filters, heats, and sanitizes the indoor pool water."

---

[1] *Auto-Owners Ins Co v Ferwerda Enterprises, Inc*, 485 Mich 905 (2009).

The boiler used to heat the pool water serves as the primary source of heat for the entire pool building. Curtis's affidavit explains, "There are no heat ducts from any source in the pool pump room. The sole source of heat for the pump room is the heat given off by the integrated pipe and boiler system." Gerald Gregorski, a mechanical engineer, also supplied an affidavit, which attested that the pool "lose[s] heat through the processes of convection and evaporation," and as a result heats the air space in the building housing the pool. Gregorski's affidavit continues, "Because of heat loss through convection and evaporation, pools require the use of a heater to maintain a constant water temperature. A system that pumps pool water into a boiler to heat the water and pumps the heated water back into the pool heats the building where the pool is located." Plaintiff retained engineer Michael T. Williams to inspect the Holiday Inn's pool equipment. At his deposition, Williams conceded that "the only source of heat for the pool building at issue in this litigation in the Holiday Inn Express that requires the use of equipment is the heating of the pool water by the boiler in the utility room." Williams expressed that apart from solar heat entering the pool room's windows, he did not know of any source of heat besides the boiler.

On April 9, 2004, an elbow in the PVC line "blew out." A Holiday Inn maintenance man repaired it, but did not turn off the Rola-Chem "feeder system" while completing the repair. Gases created by the continuously flowing chlorine and muriatic acid formed in the PVC lines. When the maintenance man successfully repaired the elbow and powered the system back on, a cloud of gas traveled through the PVC lines, entered the pool area, and injured the Bronkema family. [*Auto-Owners Ins Co v Ferwerda Enterprises, Inc*, 283 Mich App 243, 245-246; 771 NW2d 434 (2009), rev'd and remanded 485 Mich 905 (2009).]

The Bronkemas filed a personal injury action against Holiday Inn, adding Rola-Chem as a defendant after Holiday Inn filed notice of non-party fault. Holiday Inn was insured by a policy issued by Auto-Owners. The

policy contained a pollution exclusion, which precluded coverage for bodily injury or property damage resulting from the actual or threatened release of pollutants at or from any premises owned, occupied, or controlled by the insured.

Initially, Auto-Owners paid approximately $10,000 in medical expenses for the Bronkemas, but ultimately declined to defend and indemnify Holiday Inn in the suit brought by the Bronkemas. Auto-Owners concluded that the pollution exclusion precluded coverage for the injuries suffered by the Bronkemas, reasoning that the flow of chlorine and muriatic acid into the pool area constituted a release of pollutants.

In October 2005, Auto-Owners filed a declaratory judgment action, naming Holiday Inn and the Bronkema family as defendants and arguing that it had no duty to defend and indemnify Holiday Inn in the underlying suit because the pollution exclusion precluded coverage. Holiday Inn filed a counterclaim, alleging breach of contract, estoppel, and waiver, and requesting attorney fees and penalty interest.

Auto-Owners moved for summary disposition pursuant to MCR 2.116(C)(10), arguing that no genuine issue of fact existed regarding the exclusion of the Bronkema family's claims under the pollution exclusion. Holiday Inn filed a cross-motion for summary disposition pursuant to MCR 2.116(C)(8), (9), and (10), arguing that an endorsement to its policy, known as the "heating equipment exception," provided coverage for the claims. This exception provided that the pollution exclusion did not apply to a claim for bodily injury if such injury was "sustained within a building at such premises, site or location and caused by smoke, fumes, vapor or soot from equipment used to heat a building at such premises, site or location." Holiday Inn argued that be-

cause the pool filtering and water heating mechanisms were part of an integrated system, and because this system was the source of heat for the pool building, the incident fell within the heating equipment exception to the pollution exclusion.

The trial court held a hearing on the motions for summary disposition on June 30, 2006. At the conclusion of the hearing, the trial court granted Holiday Inn's motion, finding that the heating equipment exception applied and that Auto-Owners had a duty to defend and indemnify Holiday Inn in the underlying suit. Subsequently, Holiday Inn moved for summary disposition on its counterclaims. Holiday Inn asserted that it sought attorney fees as a sanction because Auto-Owners had misquoted the policy in a letter and Auto-Owners' position had no support in fact or law. The trial court found that Auto-Owners' position was arguable, but awarded attorney fees to Holiday Inn notwithstanding that conclusion. The trial court denied Holiday Inn's motion for summary disposition on the counterclaims of estoppel and waiver. Finally, the trial court granted the Bronkemas their attorney fees.

The suit filed by the Bronkemas went to trial in September 2006, and the jury returned a verdict in favor of the Bronkemas. On December 20, 2006, the trial court entered a final judgment awarding the Bronkemas $528,935.91 plus interest.[2]

---

[2] Holiday Inn appealed as of right the jury verdict. In *Bronkema v Ferwerda Enterprises, Inc*, unpublished opinion per curiam of the Court of Appeals, issued April 21, 2009 (Docket No. 275528), this panel vacated the judgment, finding that the trial court erred by granting a directed verdict on the issue of negligence. This panel also reversed the trial court's grant of summary disposition in favor of Rola-Chem on Holiday Inn's cross-claim and remanded for a new trial and other proceedings. *Id.* Our Supreme Court denied Rola-Chem's application for leave to appeal. *Bronkema v Ferwerda Enterprises, Inc*, 485 Mich 927 (2009).

Holiday Inn filed another motion for summary disposition on its claims for penalty interest and breach of contract and sought a hearing on attorney fees. The trial court found that Auto-Owners breached its contract because it was obligated to defend and indemnify Holiday Inn and because it had failed to pay the jury verdict. The trial court awarded penalty interest at the rate of 12 percent on both the judgment and the attorney fees awarded.

In a final order entered on February 22, 2007, the trial court awarded Holiday Inn $186,127.44 in attorney fees and costs and $528,935.91 for breach of contract by Auto-Owners, and it awarded the Bronkemas $71,365.72 in attorney fees and costs. Finally, the trial court awarded penalty interest under MCL 500.2006 on all amounts awarded.

## II. APPELLATE PROCEEDINGS

Auto-Owners appealed to this Court, arguing that (1) the trial court erred by holding that Auto-Owners was required to defend and indemnify Holiday Inn in the underlying suit because the heating equipment exception in Holiday Inn's policy applied and thus coverage was not precluded; (2) the trial court erred by awarding attorney fees to Holiday Inn and the Bronkemas on the basis that the trial court found for Holiday Inn and the Bronkemas on the issue of coverage; and (3) the trial court erred by awarding penalty interest to Holiday Inn and the Bronkemas on the judgment amounts. Holiday Inn filed a claim of cross-appeal, arguing that the trial court erred by dismissing its claims of waiver and estoppel.

In our previous opinion in this case, a majority of this panel reversed the trial court's holding that the heating equipment exception provided coverage under the

policy and that as a result, Auto-Owners was obligated to defend and indemnify Holiday Inn in the underlying suit. *Auto-Owners Ins Co*, 283 Mich App at 244-245. Instead, the majority held that the language of the insurance contract was ambiguous and could be construed to include or exclude coverage for the incident; therefore, the meaning of the insurance contract should be ascertained by the fact-finder. *Id.* at 252-253. In addition, the majority held that questions of fact existed regarding whether the chemicals used in the treatment of the pool water were pollutants brought onto the premises by the insured and thus were subject to the pollution exclusion provision of the policy. *Id.* at 254-256. Finally, the majority affirmed the trial court's dismissal of Holiday Inn's claims of waiver and estoppel. *Id.* at 245, 256-258. The majority did not specifically discuss the claim by Auto-Owners that the trial court erred by awarding attorney fees to Holiday Inn and the Bronkemas, but reversed that holding as well. *Id.* at 245. The dissent stated that the policy was unambiguous and therefore should be construed to provide coverage for the incident. *Id.* at 258-263 (O'CONNELL, P.J., dissenting).

Holiday Inn and the Bronkemas sought leave to appeal to our Supreme Court. Auto-Owners filed a cross-application for leave to appeal. In lieu of granting leave to appeal, our Supreme Court reversed our judgment in *Auto-Owners Ins Co*, 283 Mich App 243, and remanded to this panel "for consideration of whether the trial court properly assessed attorney fees and penalty interest against plaintiff, Auto-Owners Insurance Company." *Auto-Owners Ins Co*, 485 Mich 905. Our Supreme Court also reinstated the circuit court's judgment, explaining, "The circuit court correctly granted summary disposition in favor of the defendants because the subject policy unambiguously provided coverage for the defendants' claim." *Id.*

### III. ANALYSIS ON REMAND

Auto-Owners argued in its original appeal to this Court that the trial court erred by assessing attorney fees and penalty interest. Our original opinion did not address these issues.

### A. ATTORNEY FEES

"As a general rule, an award of attorney fees as an element of costs or damages is prohibited unless it is expressly authorized by statute or court rule." *Windemere Commons I Ass'n v O'Brien*, 269 Mich App 681, 683; 713 NW2d 814 (2006). Defendants claim that they were awarded attorney fees as a sanction under MCR 2.625(A)(2) because plaintiff filed a frivolous claim and such an award is mandatory under the rule. In making its decision, the trial court stated:

> I'm still agreeing with Auto-Owners that you have an arguable situation here and, in fact, the law even to my surprise would favor Auto-Owners' position.
>
> However, this idea that the, that Auto-Owners also was tagging the situation bearing in mind that they would have been aware of the heating unit exclusion and yet that was never put on the table except, except through the brief.
>
> This brings me round circle to what [Holiday Inn's] attorney [Mark] Allard is saying that if you have a case and the Court is asked to award attorney fees and there's a request for sanctions, yes, if it's frivolous, the Court would deal with that standard. *But I don't find it to be frivolous.*
>
> But as far as based in law, I am persuaded by the arguments today that this aspect of law somehow did not get properly focused by Auto-Owners until much, much more recently.

\* \* \*

> I think that someplace along the line that as a matter of law that the case was argued from the wrong policy language.
>
> And so the American Rule notwithstanding, I think we have an argument that failed as a matter of law; so the Court does rule in favor of [Holiday Inn] on the attorney fee issue.

The trial court stated that although the suit was not frivolous, because plaintiff took too long before it addressed the heating equipment exception, the court would still award attorney fees to defendants. Given the trial court's explicit statement that the suit was not frivolous and that there was law supporting plaintiff's position, attorney fees were not properly awarded. According to the plain language of the court rule, a trial court may only award attorney fees "if the court finds . . . that an action or defense was *frivolous* . . . ." MCR 2.625(A)(2) (emphasis added).

Defendants also cite *Mich Ed Employees Mut Ins Co v Turow*, 242 Mich App 112, 118-119; 617 NW2d 725 (2000), for the proposition that attorney fees can be awarded against an insurance company under MCR 2.114(E) or (F) for initiating a declaratory judgment action for an improper purpose. However, plaintiff does not appear to have brought the instant litigation for an improper purpose. Holiday Inn's counsel even represented to the trial court that he was not claiming that the lawsuit was filed to harass Holiday Inn.

Moreover, the trial court noted that it found some support for plaintiff's position. This case involved a heating equipment exception that had not yet been addressed by Michigan courts, in addition to questions regarding where Michigan stood regarding the application of the "absolute pollution exclusion." Accordingly,

we conclude that the trial court erred by awarding defendants attorney fees.

### B. PENALTY INTEREST

Defendants brought the claim for penalty interest as part of a motion for summary disposition. Defendants claimed that they are entitled to penalty interest because plaintiff breached its contract of insurance with defendants. We conclude that the trial court erred by awarding penalty interest.

MCL 500.2006 provides, in pertinent part:

（1) A person must pay on a timely basis to its insured, an individual or entity directly entitled to benefits under its insured's contract of insurance, or a third party tort claimant the benefits provided under the terms of its policy, or, in the alternative, the person must pay to its insured, an individual or entity directly entitled to benefits under its insured's contract of insurance, or a third party tort claimant 12% interest, as provided in [MCL 500.2006(4)], on claims not paid on a timely basis. Failure to pay claims on a timely basis or to pay interest on claims as provided in [MCL 500.2006(4)] is an unfair trade practice unless the claim is reasonably in dispute.

\*  \*  \*

(4) If benefits are not paid on a timely basis the benefits paid shall bear simple interest from a date 60 days after satisfactory proof of loss was received by the insurer at the rate of 12% per annum, if the claimant is the insured or an individual or entity directly entitled to benefits under the insured's contract of insurance. If the claimant is a third party tort claimant, then the benefits paid shall bear interest from a date 60 days after satisfactory proof of loss was received by the insurer at the rate of 12% per annum if the liability of the insurer for the claim is not reasonably

in dispute, the insurer has refused payment in bad faith and the bad faith was determined by a court of law.

Defendants maintain that pursuant to *Griswold Props, LLC v Lexington Ins Co*, 276 Mich App 551; 741 NW2d 549 (2007), whether the issue was reasonably in dispute is irrelevant. We disagree. The *Griswold* Court resolved an ongoing dispute regarding the application of language in *Yaldo v North Pointe Ins Co*, 457 Mich 341; 578 NW2d 274 (1998),[3] recognizing that the "reasonably in dispute" language in MCL 500.2006(4) applies to third-party tort claimants. *Griswold, supra* at 566.

Defendants argue that because their award comes from a breach of contract claim, they are entitled to penalty interest. We disagree with defendants' characterization. In this case, the breach of contract claim is specifically tied to the underlying third-party tort claim. Indeed, the trial court was exceptionally clear that the amount of the breach of contract claim exactly matched that of the judgment in the underlying tort claim. The trial court only granted a breach of contract claim award to Holiday Inn because plaintiff had not yet paid the judgment in the underlying tort claim.

This is a wholly different situation than that found in the cases where penalty interest was awarded. *Griswold* involved three consolidated claims, all of which involved an insurance company's failure to pay for the direct losses of the insured, as opposed to the nonpayment of

---

[3] The pertinent language in *Yaldo* stated:

> With respect to collection of twelve percent interest, reasonable dispute is applicable only when the claimant is a third-party tort claimant. Here, plaintiff is not such a claimant. Rather, he is seeking reimbursement for the loss of this business due to a fire. Therefore, plaintiff could have recovered interest at the rate of twelve percent per annum under the Uniform Trade Practices Act. [*Yaldo, supra* at 349.]

a third-party claim found in this case. *Griswold, supra* at 559-561. This case involves an issue of first impression to Michigan's jurisprudence. The claim, as shown by our prior opinions in these cases, was "reasonably in dispute" and therefore the nonpayment of the claim was not an unfair trade practice. Moreover, the Bronkemas are not entitled to collect on the underlying judgment because that judgment was reversed on appeal.

We reverse the awards of attorney fees and penalty interest and remand this case to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction.