ARCO INDUSTRIES CORPORATION v AMERICAN MOTORISTS INSUR-
ANCE COMPANY (ON SECOND REMAND, ON REHEARING)

Docket No. 210651. Submitted April 3, 1998, at Lansing. Decided October
9, 1998, at 9:10 A.M. Submitted on rehearing November 30, 1998.
Decided on rehearing December 11, 1998, at 9:00 A.M.

Arco Industries Corporation and others brought an action in the
Kalamazoo Circuit Court against American Motorists Insurance
Company (AMICO) and other insurers who had issued comprehen-
sive general liability policies to Arco for various periods during the
preceding twenty years, seeking a declaration of AMICO's duty to
defend and indemnify Arco for costs incurred in defending an
underlying action brought by the Department of Natural Resources
against Arco to remedy chemical contamination at Arco's manufac-
turing plant. Following a bench trial, the court, William G. Schma,
J., ordered AMICO to indemnify Arco, finding that Arco had not
expected or intended to harm the environment. However, the court
refused to order AMICO to pay certain costs and fees incurred by
Arco in defending itself in the underlying action. AMICO appealed,
and the plaintiffs cross appealed. The Court of Appeals, MICHAEL J.
KELLY, P.J., and MACKENZIE and BRENNAN, JJ., reversed, holding that
AMICO did not have a duty to defend because Arco should have
expected or did intend harm to the environment. 198 Mich App 347
(1993). The plaintiffs appealed. The Supreme Court held that the
Court of Appeals failed to apply the correct legal standard in deter-
mining whether Arco expected or intended contamination of the
environment, reversed in part, and remanded the matter to the
Court of Appeals for consideration of the issues relating to the duty
to defend that had been raised by Arco in its cross appeal. 448
Mich 395 (1995). On remand, the Court of Appeals, MICHAEL J.
KELLY, P.J., and MACKENZIE and CORRIGAN, JJ., reversed, again hold-
ing that AMICO did not have a duty to defend, this time on the basis
that the AMICO policy provided coverage only where an accident
resulting in bodily injury or property damage occurred during the
policy period and the contamination in question was not discov-
ered until almost eleven years after the expiration of the last policy
issued by AMICO to Arco. 215 Mich App 633 (1996). The plaintiffs
appealed. The Supreme Court reversed, holding that the language
in the standard comprehensive general liability policy that provides

coverage for property damage that occurs during the policy period dictates application of an injury-in-fact trigger of coverage rather than the manifestation-of-injury trigger of coverage adopted by the Court of Appeals. 456 Mich 331 (1998). The Supreme Court, in lieu of granting rehearing, amended its judgment order "to provide that the cause is remanded to the Court of Appeals for consideration of the issues raised in that Court but not addressed in its opinion." 456 Mich 1230 (1998). On second remand, the Court of Appeals, CORRIGAN, C.J., and KELLY and MACKENZIE, JJ., affirmed in part, reversed in part, and remanded, holding that AMICO had the duty to defend and indemnify, that the proper method of apportionment of liability among the various insurers was the "time-on-the-risk" method of allocation, that AMICO was liable for the defense costs incurred by Arco between the date of the receipt of a November 1995 notice letter sent by the Department of Natural Resources and the filing of the first judicial proceeding, that the trial court did not abuse its discretion in awarding attorney fees on the basis of the fee schedule of the law firm that had been retained by one of the insurers to represent Arco rather than the higher fee schedule of the law firm that had been retained directly by Arco, that the trial court erred in refusing to award Arco interest pursuant to MCL 500.2006(4); MSA 24.12006(4) on the basis that the liability of AMICO under its policies was in reasonable dispute, and that the trial court properly refused to award Arco prejudgment interest from the date of the filing of its complaint against AMICO. 232 Mich App 146 (1998). The Court of Appeals granted rehearing with respect to the question whether Arco was entitled to an award of twelve percent penalty interest pursuant to MCL 500.2006(4); MSA 24.12006(4).

On rehearing, the Court of Appeals *held*:

1. In the opinion on second remand, the holding that the trial court erred in refusing to award Arco penalty interest pursuant to MCL 500.2006(4); MSA 24.12006(4) on the basis that the liability of AMICO under its policies was in reasonable dispute relied on language found in footnote 4 of *Yaldo v North Pointe Ins Co*, 457 Mich 341 (1998), that "[w]here the action is based solely on contract, the insurance company can be penalized with twelve percent interest [pursuant to the provisions of MCL 500.2006(4); MSA 24.12006(4)], even if the claim is reasonably in dispute." Reliance on that language in *Yaldo* was misplaced, because, on further reflection, it is clear that the language was obiter dictum, that it did not establish a rule of law with respect to the interpretation of MCL 500.2006(4); MSA 24.12006(4), and that, accordingly, it is not binding on the Court of Appeals.

2. It is clearly established that in cases involving claims of breach of an insurance contract, an insurer may refuse to pay a claim and be relieved of paying the twelve percent penalty interest pursuant to MCL 500.2006(4); MSA 24.12006(4) on the claim only when the claim is reasonably in dispute. The purpose of the penalty interest statute is to penalize insurers for dilatory practices in settling meritorious claims, not to compensate a plaintiff for the delay in recovering benefits that are ultimately determined to be payable. Accordingly, because the trial court found that AMICO acted in good faith in its denial of coverage under its policies on the basis of reasonably disputed issues, and the lengthy appellate history of this case supports that finding of the trial court, the trial court properly refused to award interest pursuant to MCL 500.2006(4); MSA 24.12006(4).

Affirmed with regard to the trial court's denial of penalty interest pursuant to MCL 500.2006(4); MSA 24.12006(4); the disposition of the remaining issues remains as set forth in the decision reported at 232 Mich App 146 (1998).

INSURANCE — COSTS — INTEREST — TIMELY PAYMENT OF BENEFITS.

An insurer that has not paid benefits to its insured in a timely manner is not subject in an action by the insured to enforce the provisions of the insurance contract to an award to the insured of statutory penalty interest at the rate of twelve percent if the claim of the insured was in reasonable dispute (MCL 500.2006[4]; MSA 24.12006[4]).

*Honigman Miller Schwartz & Cohn* (by *Jay E. Brant, Philip A. Grashoff, Jr.*, and *Mark A. Goldsmith*) and *Butler Durham & Willoughby* (by *Sidney D. Durham*), for the plaintiffs.

*Miller, Canfield, Paddock & Stone* (by *Kevin J. Moody*) and *Drinker Biddle & Reath, LLP* (by *T. Andrew Culbert* and *Paul H. Saint-Antoine*), for American Motorists Insurance Company.

ON SECOND REMAND, ON REHEARING

Before: CORRIGAN, C.J., and KELLY and MACKENZIE, JJ.

MACKENZIE, J. This case is before us on rehearing, limited to part VIII of our most recent opinion in this

dispute, *Arco Industries Corp v American Motorists Ins Co (On Second Remand)*, 232 Mich App 146, 170-171; ___ NW2d ___ (1998). In part VIII, we originally held that, in accordance with the language of the majority opinion in *Yaldo v North Pointe Ins Co*, 457 Mich 341; 578 NW2d 274 (1998), Arco was entitled to collect twelve percent penalty interest pursuant to MCL 500.2006; MSA 24.12006. Upon further review, we conclude that our reliance on *Yaldo* was misplaced. We now affirm the trial court's determination that Arco could not collect twelve percent penalty interest under the statute.

*Yaldo* involved the fire loss of a building sold on a land contract and the insurer's subsequent refusal to pay the plaintiff land-contract vendor under its policy's loss payable clause. After a judgment was entered in favor of the plaintiff, a dispute arose concerning the rate of interest on the judgment. The plaintiff contended that the insurance policy was a "written instrument," entitling him to twelve percent judgment interest under MCL 600.6013(5); MSA 27A.6013(5). The insurer, on the other hand, asserted that the lower interest rate set forth in MCL 600.6013(6); MSA 27A.6013(6) applied because its policy was not a "written instrument" within the meaning of subsection 5. *Yaldo, supra*, pp 343-345. Thus, as the *Yaldo* majority acknowledged, the issue before the Court was "whether subsection 5 or subsection 6 of MCL 600.6013; MSA 27A.6013" applied for purposes of computing interest on the judgment. *Id.*, p 344. The Court determined that the term "written instrument" as used in MCL 600.6013(5); MSA 27A.6013(5) was "clear and unambiguous," and held that an "insurance

policy is a written instrument," entitling the plaintiff to twelve percent judgment interest. *Id.*, p 346.

After resolving the issue, the *Yaldo* majority then turned to additional arguments raised by the defendant, including a claim that this Court erred in its opinion, see 217 Mich App 617, 622, n 1; 552 NW2d 657 (1996), when it observed that, even if subsection 5 did not apply, twelve percent interest could have been awarded under MCL 500.2006(4); MSA 24.12006(4), governing penalty interest when an insurance company is dilatory in making timely payments on a claim. The *Yaldo* majority found no error, stating that "[w]here the action is based solely on contract, the insurance company can be penalized with twelve percent interest, even if the claim is reasonably in dispute." *Yaldo, supra,* p 348, n 4. It was this interpretation of MCL 500.2006(4); MSA 24.12006(4) upon which we relied in part VIII. *Arco, supra,* p 171.

Upon further review, we conclude that the *Yaldo* majority's interpretation of MCL 500.2006(4); MSA 24.12006(4) was dictum. At issue in *Yaldo* was the interpretation and application of the judgment interest statute, MCL 600.6013; MSA 27A.6013, and not the penalty interest statute. It is a well-settled rule that statements concerning a principle of law not essential to determination of the case are obiter dictum and lack the force of an adjudication. *Roberts v Auto-Owners Ins Co,* 422 Mich 594, 597-598; 374 NW2d 905 (1985); *Auto-Owners Ins Co v Stenberg Bros, Inc,* 227 Mich App 45, 51-52; 575 NW2d 79 (1997). The portion of the *Yaldo* majority opinion discussing MCL 500.2006(4); MSA 24.12006(4) was not necessary to its decision of the issue before the Court and must therefore be regarded as merely dictum that is not binding

on this Court. Compare *Auto Club Ins Ass'n v State Farm Ins Cos*, 221 Mich App 154, 170, n 5; 561 NW2d 445 (1997). Accordingly, *Yaldo* did not establish a rule of law with regard to the interpretation of MCL 500.2006(4); MSA 24.12006(4).

Since 1983, when this Court decided *Siller v Employers Ins of Wausau*, 123 Mich App 140, 143-144; 333 NW2d 197 (1983), it has been clearly established that, in cases involving claims of breach of an insurance contract, under MCL 500.2006; MSA 24.12006 "an insurer may refuse to pay a claim and be relieved of paying interest on the claim only when 'the claim is reasonably in dispute.' " The *Siller* interpretation has been followed in *Norgan v American Way Life Ins Co*, 188 Mich App 158, 164; 469 NW2d 23 (1991), and by federal courts applying Michigan law. See *Bd of Trustees of Michigan State Univ v Continental Casualty Co*, 730 F Supp 1408, 1416-1417 (WD Mich, 1990). See also *Jones v Jackson Nat'l Life Ins*, 819 F Supp 1372, 1379 (WD Mich, 1993), aff'd 27 F3d 566 (CA 6, 1994); *All American Life & Casualty Co v Oceanic Trade Alliance Council Int'l, Inc*, 756 F2d 474, 480-482 (CA 6, 1985).

The purpose of the penalty interest statute is to penalize insurers for dilatory practices in settling meritorious claims, not to compensate a plaintiff for delay in recovering benefits to which the plaintiff is ultimately determined to be entitled. *Jones, supra,* p 1379. See also *Fletcher v Aetna Casualty & Surety Co*, 80 Mich App 439, 445; 264 NW2d 19 (1978). In its June 9, 1989, opinion denying Arco an award of penalty interest, the trial court specifically found that AMICO had disputed its defense obligation to Arco in good faith, that there were legitimate issues being

contested, and that there had been no effort to delay or to forestall the recovery of benefits given the complexity of the case. The lengthy history of this case— including, to date, three visits to this Court and two to the Supreme Court—amply supports the court's finding. Applying the reasoning of *Siller, supra,* and its progeny, we therefore affirm the trial court's determination that Arco was not entitled to twelve percent penalty interest under MCL 500.2006; MSA 24.12006, because AMICO's obligation to pay benefits under its policies was reasonably in dispute.

In all other respects, we adhere to our decision reported at 232 Mich App 146; ___ NW2d ___ (1998).