**ACME ROLL FORMING COMPANY,**
Plaintiff,

v.

**THE HOME INSURANCE COMPANY,**
Defendant.

No. 99–CV–73153–DT.

United States District Court,
E.D. Michigan,
Southern Division.

June 7, 2000.

J. Leonard Hyman, Birmingham, MI, for plaintiff.

John C. Patrick, Jr., Southfield, MI, for defendant.

## OPINION

DUGGAN, District Judge.

On June 23, 1999, plaintiff filed a three-count complaint requesting a declaratory judgment awarding it $25,000.00 in interest (count I), a declaratory judgment awarding it $596,721.72 in statutory interest (count II), and alleging breach of con-

tract (count III). This matter is before the Court on both parties' motions for summary judgment.

## Background

Defendant insured plaintiff under a Manufacturers' Output Policy of Insurance. On April 8, 1991, plaintiff's facilities were struck by lightning resulting in damage to its manufacturing equipment.

The parties executed a Settlement Release on May 16, 1994. In the release, defendant acknowledged coverage of the claim and agreed to pay plaintiff $93,-000.00, in settlement of all claims under the policy with the exception of plaintiff's loss of income claim and additional expense claim. The parties subsequently entered into a Stipulation for Appraisal ("Stipulation") for the appraisal of plaintiff's claim for loss of income/additional expenses. On March 17, 1999, a neutral umpire, Russell F. Agosta, signed an appraisal award in the amount of $710,383.00 as plaintiff's loss of income, including interest in the amount of $25,000.00.

On April 14, 1999, defendant paid plaintiff $685,383.00, a figure representing the total amount of the award minus the $25,000.00 interest awarded as part of plaintiff's loss of income.[1] The parties' Stipulation provides that: "Upon receipt of the appraisal award, either party may move in a court of competent jurisdiction for entry of a judgment on the appraisal award." (Stipulation at ¶ 18). The Stipulation further provides: "Interest will be paid on any judgment in accordance with the laws of the State of Michigan existing at the time of the entry of the judgment." (Id. at ¶ 19).

## Discussion

Plaintiff seeks a judgment for the interest awarded as part of its loss of income and statutory interest pursuant to Michigan Compiled Laws § 500.2006, and in

---

1. The Court notes that defendant made payment within thirty days of the appraisal award in compliance with Michigan Compiled Laws § 500.2836(2).

particular, § 2006(4).[2] Defendant contends that the appraisal panel did not possess the authority to award interest, and that plaintiff is not entitled to the statutory interest as a matter of law because the lost income amount was reasonably in dispute. Both parties have moved for summary judgment.

*Standard of Review*

Summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party bears the burden of informing the court of the basis for his or her motion. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The movant must demonstrate either the absence of a genuine issue of fact or the absence of evidence supporting the non-moving party's case. *See id.* at 325, 106 S.Ct. at 2554. The Court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

*Appraisal Interest*

■ Plaintiff seeks a declaratory judgment awarding it the sum of $25,000.00 in interest that was awarded to it by the appraisal panel as part of plaintiff's loss of income damages. Defendant argues, in its motion for summary judgment, that plaintiff is not entitled to the interest awarded by the panel because the panel did not possess the authority to award such interest.

The Court notes that the Michigan Supreme Court has allowed an award of interest rendered by an arbitrator. In allowing the interest award, the court stated that, "absent a provision expressly precluding authority to award interest as an element of damages, we find that the arbitrators did not exceed the scope of their authority by including an interest amount in their award." *Gordon Sel–Way, Inc. v. Spence Bros., Inc.,* 438 Mich. 488, 498, 475 N.W.2d 704 (1991). An interest award "will be presumed to be within the scope of the arbitrators' authority absent express language to the contrary." *Id.* at 497, 475 N.W.2d 704. "Michigan has long recognized the common-law doctrine of awarding interest as an element of damages." *Id.* at 499, 475 N.W.2d 704.

■ Although *Gordon Sel–Way* deals with arbitration, the law in Michigan is clear that appraisal "constitutes a common-law arbitration agreement." *Davis v. National Ins. Co.,* 78 Mich.App. 225, 232, 259 N.W.2d 433 (1977)(citing *Manausa v. St. Paul Fire and Marine Ins. Co.,* 356 Mich. 629, 97 N.W.2d 708 (1959)). Defendant claims that because an arbitration agreement often involves a determination of liability, whereas an appraisal proceeding only concerns itself with damages, the rules governing arbitration are therefore inapplicable. This Court disagrees.

The appraisal clause is similar to an arbitration clause because it gives, to an agreed upon "third party," the right to determine the amount to be awarded to a claimant, and such determination is binding on the parties. The mere fact that an arbitrator may, in some instances, also be required to determine liability does not, in this Court's opinion, significantly distinguish it from the appraisal procedure. In both cases, the parties agree to be bound by the monetary award of the "third party." Thus, plaintiff's reliance on cases discussing the propriety of interest in arbitration proceedings is not misplaced.

---

**2.** Although plaintiff, in its briefs, only refers to § 2006(4), § 2006(4) must be read in conjunction with § 2006(1) because it is this latter section (§ 2006(1)) that makes the failure to comply with "subsection (4) ... an unfair trade practice unless the claim is reasonably in dispute."

■ "[A]rbitrators may include interest in an award unless the parties have expressly provided otherwise in their contract." *Gordon Sel–Way,* 438 Mich. at 500, 475 N.W.2d 704 (collecting cases). It is undisputed that the parties did not agree to preclude the appraisal panel from awarding interest. Accordingly, the appraisal panel properly awarded plaintiff $25,000.00 in interest, and this Court therefore shall grant plaintiff's motion for summary judgment as to count I. Defendant's motion on the same count shall be denied.

*Statutory Interest*

■ In count II of its complaint, plaintiff seeks a declaratory judgment awarding it the sum of $596,721.72 in statutory interest on the appraisal award pursuant to Michigan Compiled Laws § 500.2006(4). Defendant contends that it is not liable for the statutory interest because the proof of loss was unsatisfactory and because the claim was reasonably in dispute. Furthermore, defendant asserts that it made payment of the appraisal award within thirty days of its entry, in accordance with Michigan Compiled Laws § 500.2836.

Michigan Compiled Laws § 500.2006 provides:

(1) A person must pay on a timely basis to its insured, an individual or entity directly entitled to benefits under its insured's contract of insurance or a third party tort claimant the benefits provided under the terms of its policy, or, in the alternative, the person must pay to its insured, an individual or entity directly entitled to benefits under its insured's contract of insurance, or a third party tort claimant 12% interest, as provided in subsection (4), on claims not paid on a timely basis. Failure to pay claims on a timely basis or to pay interest on claims as provided in subsection (4) is an unfair trade practice unless the claim is reasonably in dispute.

    *      *      *      *      *      *

(4) When benefits are not paid on a timely basis the benefits shall bear simple interest from a date 60 days after satisfactory proof of loss was received by the insurer at the rate of 12% per annum, if the claimant is the insured or an individual or entity directly entitled to benefits under the insured's contract of insurance. Where the claimant is a third party tort claimant, then the benefits paid shall bear interest from a date 60 days after satisfactory proof of loss was received by the insurer at the rate of 12% per annum if the liability of the insurer for the claim is not reasonably in dispute and the insurer has refused payment in bad faith, such bad faith having been determined by a court of law. The interest shall be paid in addition to and at the time of payment of the loss. If the loss exceeds the limits of insurance coverage available, interest shall be payable based upon the limits of insurance coverage rather than the amount of the loss. If payment is offered by the insurer but is rejected by the claimant, and the claimant does not subsequently recover an amount in excess of the amount offered, interest shall not be due. Interest paid pursuant to this section shall be offset by an award of interest that is payable by the insurer pursuant to the award.

MICH. COMP. LAWS § 500.2006. The statute provides that the twelve percent (12%) interest "penalty" begins to run sixty days after "satisfactory proof of loss was received by the insurer." *Id.* As the Michigan Court of Appeals stated in *O.J. Enterprises, Inc. v. Insurance Co. of North America,* 96 Mich.App. 271, 292 N.W.2d 207 (1980):

We believe that the 12 per cent interest statute was never triggered in this case because the proof of loss originally submitted was not "satisfactory", but was the subject of an appraisal dispute which was settled under the terms of the Michigan Standard Fire Insurance Policy statute, M.C.L. § 500.2832; MSA 12832.

The 12 per cent interest rate is a penalty to be assessed only against insurers who procrastinate in paying meritorious claims. *Fletcher v. Aetna Casualty & Surety Co.*, 80 Mich.App. 439, 445, 264 N.W.2d 19 (1978).

*Id.* at 274, 292 N.W.2d 207.

■ Furthermore, "[t]he purpose of the penalty interest statute is to penalize insurers for dilatory practices in settling meritorious claims, *not to compensate a plaintiff for delay in recovering benefits to which the plaintiff is ultimately determined to be entitled.*" *Arco Indus. Corp. v. American Motorists Ins. Co.* (on second remand, on reh'g), 233 Mich.App. 143, 148, 594 N.W.2d 74 (1998) (emphasis added).[3] When parties settle a dispute over the amount due under an insurance policy by resorting to the appraisal process, interest is not available to the insured, if the insurer pays the claim within thirty days of the appraisal award. *See Krim v. Commercial Union Assurance Co.*, 94 Mich.App. 639, 642, 288 N.W.2d 463 (1980).

Plaintiff originally submitted a proof of loss in the amount of $153,872.00 on April 15, 1992. Plaintiff contends that its proof of loss was satisfactory because the appraisal panel eventually awarded plaintiff more than $710,000.00 in March of 1999. However, the appraisal award included a substantial amount of money for loss of income since the April 15, 1992 proof of loss date.

Defendant contends that plaintiff's proof of loss was not satisfactory because it did not include all of plaintiff's claims as of April 15, 1992, the date the proof of loss was submitted. When plaintiff's president, James Wineman, was deposed on January 15, 1993, he testified that plaintiff still had claims to present—nine months after the proof of loss was submitted. (Wineman

Dep. at 212–13, 234). Wineman testified that the "new" claims still to be presented would "make this number [$153,872.00] look small." (*Id.* at 213). Furthermore, at the appraisal hearing, plaintiff sought damages from April 8, 1991 through December 31, 1995. Therefore, defendant argues, plaintiff's proof of loss contained only a portion of plaintiff's claims, and thus, was unsatisfactory and plaintiff's claims were reasonably in dispute.

Moreover, the appraisal panel ultimately awarded plaintiff $710,383.00, including the $25,000.00 of interest previously discussed. Plaintiff had requested, including interest, $2,916,065.00, in its pre-appraisal brief. This Court is satisfied that where a plaintiff submits a brief to the appraisal panel claiming a loss of nearly $3 million, and the defendant disputes such claim, and the amount is ultimately determined by the appraisal procedure to be an amount significantly less than that claimed by plaintiff, then the claim is reasonably in dispute. Furthermore, the Court does not believe that a "satisfactory proof of loss" exists until there is an award by the appraisal panel. *See O.J. Enter.*, 96 Mich.App. at 274, 292 N.W.2d 207.

■ Counsel for plaintiff argued, at a hearing on this motion held on January 13, 2000, that the "reasonably in dispute" language of § 2006(4) did not apply to this case because any reference to "reasonably in dispute" in subsection (4) only applies where the claimant is a third party tort claimant. Because plaintiff, in this case, is the insured and not a third party tort claimant, plaintiff contends that such language does not apply. This Court disagrees. As previously pointed out in this Opinion, subsection (4) must be read in conjunction with subsection (1), and sub-

---

**3.** Plaintiff's reliance on dicta to the contrary in *Yaldo v. North Pointe Ins. Co.*, 457 Mich. 341, 578 N.W.2d 274 (1998), is unavailing. *See Arco Indus. Corp.*, 233 Mich.App. at 147–48, 594 N.W.2d 74. *Yaldo* is distinguishable from the instant case. The issue in *Yaldo* was whether the insurance contract was a written instrument for the purpose of computing interest on the judgment under Michigan Compiled Laws § 600.6013. *Yaldo*, 457 Mich. at 344, 578 N.W.2d 274. *Yaldo* did not involve an appraisal dispute; nor did it involve Michigan Compiled Laws § 500.2836(2), both of which are at issue in the case *sub judice.*

section (1) clearly indicates that the "[f]ailure to pay claims ... as provided in subsection (4) is an unfair trade practice *unless the claim is reasonably in dispute.*" MICH. COMP. LAWS § 500.2006(1) (emphasis added). In light of the fact that plaintiff requested more than $2.9 million from the appraisal panel and was awarded less than twenty-five percent (25%) of that request, this Court is satisfied that the amount of the claim was "reasonably in dispute." *See Arco*, 233 Mich.App. at 148, 594 N.W.2d 74; *Siller v. Employers Ins. of Wausau*, 123 Mich.App. 140, 143–144, 333 N.W.2d 197 (1983).

 Defendant paid plaintiff the amount of the award within thirty days of the award; therefore plaintiff is not entitled to the twelve percent (12%) "penalty" interest.[4] Accordingly, defendant's motion for summary judgment on count II shall be granted and plaintiff's motion on the same count shall be denied.[5]

*Breach of Contract*

Plaintiff also claims that defendant's refusal to pay the interest to which it believes it is entitled constitutes a breach of contract. However, plaintiff's two previous counts for declaratory judgment have already addressed the issue of plaintiff's interest entitlement.[6] Accordingly, plaintiff's breach of contract count shall be dismissed as moot.

## Conclusion

For the reasons set forth above, this Court shall grant plaintiff's motion for summary judgment as to count I and deny defendant's motion on the same count. Further, the Court shall grant defendant's motion for summary judgment as to count II and deny plaintiff's motion on the same count. This Court shall also dismiss count III as moot.

A Judgment consistent with this Opinion shall issue forthwith.

---

4. The Court notes that where an insurance policy "provides for an appraisal or arbitration *in case the parties should disagree as to the amount of loss payable thereunder,* and the insurer avails itself reasonably of its right to request appraisal or arbitration, interest on the principal payable under the policy does not run until the appraisal or arbitration award has been made." *Whitney v. Allstate Ins. Co.,* 66 Mich.App. 74, 78, 238 N.W.2d 410 (1975) (quoting COUCH ON INSURANCE, 2D, § 54:205 (1966)) (emphasis in original).

5. Defendant also argues that it is entitled to summary judgment because plaintiff's loss of income claim is precluded by the Compromise Settlement Release ("release") entered into by the parties on May 16, 1994. The Court, however, disagrees. The release expressly exempted plaintiff's loss of income claim, to wit: Plaintiff "hereby releases and forever discharges [defendant] of any and all claims, causes of action and demands whatsoever, ... *except for [plaintiff's] claims ... for Loss Of Income and/or Additional Expense arising from the occurrence of April 8, 1991."* (Release at 1) (emphasis added).

6. Neither party even addressed the breach of contract claim in their motions or briefs.