# Syllabus

Chief Justice:
Stephen J. Markman

Justices:
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen
Kurtis T. Wilder

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Kathryn L. Loomis

## NICKOLA v MIC GENERAL INSURANCE COMPANY

Docket No. 152535. Argued on application for leave to appeal January 10, 2017. Decided May 12, 2017.

George and Thelma Nickola brought a declaratory action in the Genesee Circuit Court against their no-fault insurer, MIC General Insurance Company (MIC), in April 2005, asking the court to compel arbitration in connection with the Nickolas' efforts to obtain underinsured-motorist (UIM) benefits from MIC. The Nickolas had been injured in a car accident caused by Roy Smith, whose no-fault insurance policy provided the minimum liability coverage allowed by law: $20,000 per person, up to $40,000 per accident. Smith's insurer settled with the Nickolas and paid them the limits of Smith's policy. The court, Richard B. Yuille, J., ordered the case to arbitration while retaining jurisdiction. The Nickolas' insurance policy provided that each side would select an arbitrator, and those two arbitrators would then select a third. If a third arbitrator could not be selected by agreement, then either side could ask the court to select the third arbitrator. The two arbitrators selected by the parties could not agree on a third arbitrator, and neither side asked the court to appoint a third arbitrator until 2012. In 2013 the case proceeded to arbitration, and the arbitration panel awarded $80,000 for George's injuries and $33,000 for Thelma's injuries. The award specified that the amounts included any interest arising as an element of damage from the date of injury to the date of suit but did not include any other interest, fees, or costs that the court could award. The Nickolas' son, Joseph G. Nickola, who was made personal representative of the Nickolas' estates and substituted as plaintiff after the Nickolas died, moved for entry of judgment on the arbitration award. Plaintiff also asked the court to assess 12% penalty interest under the Uniform Trade Practices Act (UTPA), MCL 500.2001 *et seq*. The court affirmed the arbitration awards but declined to award penalty interest under the UTPA, ruling that penalty interest did not apply because the UIM claim was reasonably in dispute for purposes of MCL 500.2006(4). Plaintiff appealed. The Court of Appeals, GADOLA, P.J., and JANSEN and BECKERING, JJ., affirmed the trial court, holding that the "reasonably in dispute" language applied to plaintiff's UIM claim because a UIM claim essentially places the insured in the shoes of a third-party claimant. 312 Mich App 374 (2015). Plaintiff applied for leave to appeal in the Supreme Court, which ordered and heard oral argument on whether to grant the application or take other peremptory action. 499 Mich 935 (2016).

In a unanimous opinion by Justice ZAHRA, in lieu of granting leave to appeal, the Supreme Court *held*:

The second sentence of MCL 500.2006(4), which provides that third-party tort claimants are not entitled to penalty interest under the UTPA if their claim was reasonably in dispute, does not apply to claims made by an insured. *Auto-Owners Ins Co v Ferwerda Enterprises, Inc (On Remand)*, 287 Mich App 248 (2010), was overruled to the extent it was inconsistent with this opinion.

1. MCL 500.2006(1) requires insurance claims to be paid on a timely basis and provides that, if they are not, penalty interest will be imposed under the UTPA. As it relates to the imposition of penalty interest, MCL 500.2006(1) refers to MCL 500.2006(4), which, at the time of the trial court's decision, provided that if benefits are not paid on a timely basis the benefits paid shall bear simple interest from a date 60 days after satisfactory proof of loss was received by the insurer at the rate of 12% per annum if the claimant is the insured or an individual or entity directly entitled to benefits under the insured's contract of insurance. MCL 500.2006(4) further provided that if the claimant is a third-party tort claimant, then the benefits paid shall bear interest from a date 60 days after satisfactory proof of loss was received by the insurer at the rate of 12% per annum if the liability of the insurer for the claim is not reasonably in dispute, the insurer has refused payment in bad faith, and the bad faith was determined by a court of law. Subsection (4) consists of two sentences, which divide insurance claimants into two distinct classes. The first sentence creates a class of claimants who are insureds or an individual or entity directly entitled to benefits under an insured's insurance contract. The second sentence creates a class of third-party tort claimants. The first sentence contains no "reasonably in dispute" exemption from the imposition of penalty interest for the untimely payment of benefits due under an insurance contract. The second sentence, which addresses situations in which the claimant is a third-party tort claimant, expressly states that third-party tort claimants are not entitled to penalty interest under the UTPA if their claim is reasonably in dispute. Because the "reasonably in dispute" limitation is contained only in the second sentence of MCL 500.2006(4), this limitation applies only to third-party tort claimants, not to insureds.

2. The Nickolas were directly entitled to benefits and are therefore within the class of claimants identified in the first sentence of MCL 500.2006(4). Defendant's argument to the contrary presumes that the phrase "directly entitled to benefits" modifies "insured," whereas a more natural reading suggests that the phrase modifies "individual or entity." Furthermore, even if the phrase modifies "insured," the Nickolas would still be directly entitled to benefits. While defendant relies on definitions of "directly" that indicate that something must "happen quickly or without delay," "directly" is alternatively defined as "in a direct line, way, or manner; straight," and "direct" is similarly defined as "proceeding in a straight line or by the shortest course; straight." In the present context, the latter meaning is the most appropriate one and, therefore, the Nickolas were directly entitled to benefits in the sense that they were entitled to benefits in a straight line from the insurance company. The Nickolas were not third-party tort claimants; rather, they were parties to the insurance contract, and they chose to pay higher insurance premiums in order to obtain protection from underinsured motorists. Therefore, the first sentence of MCL 500.2006(4) is applicable, and the "reasonably in dispute" language contained in the second sentence does not apply to plaintiff's claim for UIM benefits. This conclusion is consistent with *Yaldo v North Pointe Ins Co*, 457 Mich 341 (1998), and *Griswold Props, LLC v Lexington Ins Co*, 276 Mich App 551 (2007).

3. The Court of Appeals in this case erroneously focused on the nature of a UIM claim. The panel rationalized that while plaintiff is seeking UIM benefits provided under the Nickolas' insurance policy, he is doing more than making a "simple first-party claim." Yet the plain language of MCL 500.2006(4) distinguishes only the identity of the claimant, not the nature of the claim. The proofs required for a UIM claim do not transform the insured into a third-party tort claimant when seeking to enforce the insured's own insurance contract. The insured by definition is a party to the insurance contract, not a third party. The fact that the Nickolas' UIM coverage requires a particular set of proofs in order to recover UIM benefits does not transform plaintiff's claim for benefits under the insurance policy into a tort claim. Nothing in MCL 500.2006(4) permits an insurer to avoid payment of penalty interest when the insured has not been paid benefits within 60 days of submitting to the insurer satisfactory proof of loss.

Court of Appeals' decision denying plaintiff penalty interest under the UTPA reversed; case remanded for further proceedings.

©2017 State of Michigan

# OPINION

Chief Justice:
Stephen J. Markman

Justices:
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen
Kurtis T. Wilder

FILED May 12, 2017

STATE OF MICHIGAN

SUPREME COURT

JOSEPH G. NICKOLA, Personal
Representative of the Estates of GEORGE
and THELMA NICKOLA,

      Plaintiff-Appellant,

v                                          No. 152535

MIC GENERAL INSURANCE
COMPANY, d/b/a GMAC INSURANCE,

      Defendant-Appellee.

_____

BEFORE THE ENTIRE BENCH

ZAHRA, J.

      The issue presented in this case is whether an insurer's untimely payment of underinsured motorist (UIM) benefits is subject to penalty interest under the Uniform Trade Practices Act (UTPA).[1] We hold that an insured making a claim under his or her

---

[1] MCL 500.2001 *et seq.*

own insurance policy for UIM benefits cannot be considered a "third party tort claimant" under MCL 500.2006(4), a provision of the UTPA. This holding is required by the plain language of MCL 500.2006(4) and is entirely consistent with this Court's opinion in *Yaldo v North Pointe Ins Co*[2] and the Court of Appeals' opinion in *Griswold Props, LLC v Lexington Ins Co.*[3] We overrule the Court of Appeals' opinion in *Auto-Owners Ins Co v Ferwerda Enterprises, Inc (On Remand)*[4] to the extent it is inconsistent with this opinion. We reverse the opinion of the Court of Appeals denying plaintiff penalty interest under the UTPA and remand to the trial court for further proceedings consistent with this opinion.[5]

## I. FACTS AND PROCEEDINGS

On April 13, 2004, George Nickola and his wife, Thelma, were injured in a car accident. The driver of the other car who caused the accident, Roy Smith, was insured by Progressive Insurance Company. Smith's automobile no-fault insurance policy provided the minimum liability coverage allowed by law: $20,000 per person, up to $40,000 per accident.[6]

---

[2] *Yaldo v North Pointe Ins Co*, 457 Mich 341; 578 NW2d 274 (1998).

[3] *Griswold Props, LLC v Lexington Ins Co*, 276 Mich App 551; 741 NW2d 549 (2007).

[4] *Auto-Owners Ins Co v Ferwerda Enterprises, Inc (On Remand)*, 287 Mich App 248; 797 NW2d 168 (2010), vacated in part 488 Mich 917 (2010).

[5] We deny plaintiff's application for leave to appeal the trial court's decision not to impose sanctions on defendant.

[6] See MCL 257.520(b)(2).

2

On May 7, 2004, the Nickolas' son, Joseph G. Nickola, then acting as their attorney,[7] penned a letter to the Nickolas' insurer, defendant MIC General Insurance Company, doing business as GMAC Insurance. The letter explained that Smith's "liability insurance policy is insufficient to cover the . . . injuries sustained by both [the Nickolas]." The letter also advised that the Nickolas "are claiming [UIM] benefits under the provisions of their automobile policy . . . ." The Nickolas' policy provided for UIM limits of $100,000 per person, up to $300,000 per accident, and they sought payment of UIM benefits in the amount of $160,000; $80,000 for each insured.[8]

On February 8, 2005, the Nickolas again demanded payment of $160,000, the full UIM limits available to George and Thelma. On February 17, 2005, an adjuster for defendant denied the claim, asserting that the Nickolas could not establish a threshold injury for noneconomic tort recovery. Defendant's adjuster explained:

> We believe your client's [sic] were adequately compensated for their pre-existing injuries, which were aggravated in the accident. Your client's [sic] appear to be able to lead their normal life as described in the *Kreiner* [*v Fischer*][9] decision. If however, you have some additional information

---

[7] George and Thelma Nickola were the original plaintiffs in this case. During the pendency of this case, the couple passed away, requiring that Joseph Nickola, who was named personal representative of both estates, be substituted as plaintiff. For ease of reference, George and Thelma are collectively referred to as "the Nickolas."

[8] Progressive extended an offer to the Nickolas to settle for Smith's policy limits ($40,000 total—$20,000 each). Defendant provided the Nickolas written permission to accept the offer. The demand of $160,000 ($80,000 each for George and Thelma) was arrived at by taking the UIM policy limits of $200,000 ($100,000 for each insured) and deducting $40,000, the amount paid to the Nickolas by Progressive under the tortfeasor's no-fault insurance policy.

[9] *Kreiner v Fischer*, 471 Mich 109; 683 NW2d 611 (2004), overruled by *McCormick v*

3

that you want me to review, please forward the medical records and I will be happy to review the matter again.

On February 22, 2005, the Nickolas demanded arbitration of the UIM claim. Their policy provided that if defendant and the insured did not agree about whether the insured was entitled to recover damages under the UIM endorsement, or did not agree about the amount of damages, then "[e]*ither* party may make a written demand for arbitration."[10] Despite the standardized arbitration language, defendant advised the Nickolas that the policy required both parties to agree to arbitration, and defendant refused to arbitrate the claim.

Accordingly, on April 8, 2005, the Nickolas filed suit, asking the trial court to refer the matter to arbitration. The court ordered the case to arbitration while retaining jurisdiction. The UIM endorsement provided that each side would select an arbitrator, and those two arbitrators would then select a third. If a third arbitrator could not be selected by agreement, then either side could ask the court to select the third arbitrator. The two arbitrators selected by the parties could not agree on a third arbitrator. Remarkably, for the next six years this case remained stagnant with neither side asking the court to appoint a third arbitrator.[11]

---

*Carrier*, 487 Mich 180, 214; 795 NW2d 517 (2010).

[10] Emphasis added.

[11] It was during this period of inactivity that George and Thelma died. Neither death was caused by the injuries suffered in the car accident.

4

Finally, in 2012, plaintiff asked the trial court to appoint a neutral arbitrator. The court agreed and the case proceeded to arbitration, where the arbitration panel awarded $80,000 for George's injuries and $33,000 for Thelma's injuries. The award specified that the amounts were "inclusive of interest, if any, as an element of damage from the date of injury to the date of suit, but not inclusive of other interest, fees or costs that may otherwise be allowable by the Court."

Plaintiff then filed a motion in the trial court for entry of judgment on the arbitration award. Plaintiff also asked the court to assess 12% penalty interest under the UTPA. The court affirmed the arbitration awards but declined to award penalty interest under the UTPA, finding that penalty interest did not apply because the UIM claim was "reasonably in dispute" for purposes of MCL 500.2006(4). Plaintiff appealed.

The Court of Appeals affirmed the trial court, holding that the "reasonably in dispute" language applied to plaintiff's UIM claim because a UIM claim "essentially" places the insured in the shoes of a third-party claimant.[12] Plaintiff sought leave to appeal in this Court. We directed the Clerk of this Court to schedule oral argument on whether to grant the application or take other action.[13]

---

[12] *Nickola v MIC Gen Ins Co*, 312 Mich App 374, 387; 878 NW2d 480 (2015). The panel further determined that plaintiff's UIM claim was reasonably in dispute. *Id*. at 388-389.

[13] *Nickola v MIC Gen Ins Co*, 499 Mich 935 (2016).

## II. STANDARD OF REVIEW

Matters of statutory and contractual interpretation present questions of law, which this Court reviews de novo.[14]

## III. ANALYSIS

### A. PENALTY INTEREST UNDER MCL 500.2006(4)

UIM policies are not mandated by statute. Individuals seeking UIM coverage contract for it freely, voluntarily, and at arm's length.[15] When the UIM insured is injured by a tortfeasor motorist whose policy is insufficient to cover all of the insured's damages, the insured makes a claim for the shortfall against his or her UIM insurer.[16] Notwithstanding the fact that the Nickolas' UIM coverage was governed by contract, this case presents a statutory claim for penalty interest under the UTPA, which applies to all insurers doing business in Michigan. The UTPA provides for 12% penalty interest on certain claims not timely paid by an insurer.[17]

We begin all matters of statutory interpretation with an examination of the language of the statute.[18] "The primary rule of statutory construction is that, where the

---

[14] *Cruz v State Farm Mut Auto Ins Co*, 466 Mich 588, 594; 648 NW2d 591 (2002); *Miller-Davis Co v Ahrens Constr, Inc*, 495 Mich 161, 172; 848 NW2d 95 (2014).

[15] *McDonald v Farm Bureau Ins Co*, 480 Mich 191, 194; 747 NW2d 811 (2008).

[16] *Id*. The insured generally must first determine how much of the damages will be covered by the tortfeasor and only then seek further recovery under his or her UIM coverage from the insurer.

[17] See MCL 500.2006(4); *Yaldo*, 457 Mich at 348.

[18] *Lash v Traverse City*, 479 Mich 180, 187; 735 NW2d 628 (2007).

6

statutory language is clear and unambiguous, the statute must be applied as written."[19] "A necessary corollary of these principles is that a court may read nothing into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself."[20]

In this matter, the relevant statutory provisions of the UTPA are Subsections (1) and (4) of MCL 500.2006. Subsection (1) requires insurance claims to be paid on a timely basis, or penalty interest will be imposed under the UTPA.[21] As it relates to the imposition of penalty interest, Subsection (1) directs us to Subsection (4), which, at the time of the trial court's decision, provided:

> If benefits are not paid on a timely basis the benefits paid shall bear simple interest from a date 60 days after satisfactory proof of loss was received by the insurer at the rate of 12% per annum, *if the claimant is the insured or an individual or entity directly entitled to benefits under the insured's contract of insurance. If the claimant is a third party tort claimant*, then the benefits paid shall bear interest from a date 60 days after

---

[19] *Cruz*, 466 Mich at 594.

[20] *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 63; 642 NW2d 663 (2002), citing *Omne Fin, Inc v Shacks, Inc*, 460 Mich 305, 311; 596 NW2d 591 (1999).

[21] MCL 500.2006(1) specifically provides:

> A person must pay on a timely basis to its insured, an individual or entity directly entitled to benefits under its insured's contract of insurance, or a third party tort claimant the benefits provided under the terms of its policy, or, in the alternative, the person must pay to its insured, an individual or entity directly entitled to benefits under its insured's contract of insurance, or a third party tort claimant 12% interest, as provided in subsection (4), on claims not paid on a timely basis. Failure to pay claims on a timely basis or to pay interest on claims as provided in subsection (4) is an unfair trade practice unless the claim is reasonably in dispute.

satisfactory proof of loss was received by the insurer at the rate of 12% per annum *if the liability of the insurer for the claim is not reasonably in dispute, the insurer has refused payment in bad faith and the bad faith was determined by a court of law*. [Emphasis added.][22]

Subsection (4) consists of two sentences, which together create a straightforward scheme. These sentences divide insurance claimants into two distinct classes. The first sentence creates a class of claimants who are insureds or an individual or entity directly entitled to benefits under an insured's insurance contract. The second sentence creates a class of third-party tort claimants.

The first sentence contains no "reasonably in dispute" exemption from the imposition of penalty interest for the untimely payment of benefits due under an insurance contract. The Legislature cast a broad net when defining circumstances under which insurers would be subject to penalty interest. All claims made by an insured or an individual or entity directly entitled to benefits under a policy of insurance must be timely paid under the policy or the insurer risks the imposition of penalty interest. The UTPA encourages prompt payment of contractual insurance benefits.

The second sentence addresses situations in which "the claimant is a third party tort claimant."[23] In stark contrast to the first sentence, the second sentence of Subsection (4) expressly states that third-party tort claimants are not entitled to penalty interest under the UTPA if their claim is "reasonably in dispute."[24] The omission of a provision in one

---

[22] This provision has since been amended by 2016 PA 276; however, as we will explain further, the changes do not affect our analysis.

[23] MCL 500.2006(4).

[24] *Id*.

part of a statute that is included in another part of the same statute should be construed as intentional.[25]  "We do not read requirements into a statute where none appear in the plain language and the statute is unambiguous.  'It is not within the province of this Court to read therein a mandate that the [L]egislature has not seen fit to incorporate.' "[26]  Therefore, because the "reasonably in dispute" limitation is contained only in the second sentence of MCL 500.2006(4), this limitation applies only to third-party tort claimants, not claims made by an insured.[27]

We reject defendant's argument that the Nickolas were not "directly entitled to benefits" and therefore are not within the class of claimants identified in the first sentence of MCL 500.2006(4).  This argument presumes that the phrase "directly entitled to benefits" modifies "insured," whereas a more natural reading suggests that the phrase

---

[25] See *Farrington v Total Petroleum, Inc*, 442 Mich 201, 210; 501 NW2d 76 (1993); see also Scalia & Garner, *Reading Law: The Interpretation of Legal Texts* (St Paul: Thomson/West, 2012), pp 57-58 ("[T]he limitations of a text—what a text chooses *not* to do—are as much a part of its 'purpose' as its affirmative dispositions.  These exceptions or limitations must be respected, and the only way to accord them their due is to reject the replacement or supplementation of text with purpose.").

[26] *People v Feeley*, 499 Mich 429, 439; 885 NW2d 223 (2016), quoting *Jones v Grand Ledge Pub Sch*, 349 Mich 1, 11; 84 NW2d 327 (1957) (citation omitted).

[27] As a result of 2016 PA 276, the first sentence of MCL 500.2006(4) now refers to "the insured or *a person* directly entitled to benefits under the insured's insurance contract." (Emphasis added.)  The Legislature's replacement of "individual or entity" with "person" does not alter this Court's analysis.  Most importantly, the first sentence of amended Subsection (4) continues to omit the "reasonably in dispute" language that applies only to the insured or a person directly entitled to benefits, whereas the second sentence of amended Subsection (4) retains the "reasonably in dispute" language that applies only to a third-party tort claimant.

9

modifies "individual or entity." Furthermore, even assuming the phrase modifies "insured," we believe the Nickolas were "directly entitled to benefits." While defendant relies on definitions of "directly" that indicate that something must "happen quickly or without delay," "directly" is alternatively defined as "in a direct line, way, or manner; straight," *Random House Webster's College Dictionary* (2001), def 1, and "direct" is similarly defined as "proceeding in a straight line or by the shortest course; straight," *id*., def 14. In the present context, we believe the latter meaning is the most appropriate one and thus that the Nickolas were "directly" entitled to benefits in the sense that they were entitled to benefits in a "straight line" from the insurance company.

In this case, the claimants, George and Thelma Nickola, were parties to the insurance contract. The Nickolas chose to pay higher insurance premiums in order to obtain protection from underinsured motorists. The Nickolas were insureds, not third-party tort claimants. Therefore, the first sentence of MCL 500.2006(4) is applicable, and the "reasonably in dispute" language contained in the second sentence does not apply to plaintiff's claim for UIM benefits.[28]

---

[28] Although neither defendant nor the Court of Appeals raised the issue, we observe that the closing sentence of MCL 500.2006(1) refers to whether a claim is "reasonably in dispute." But this reference in MCL 500.2006(1) does not affect this Court's analysis. No reasonable interpretation of Subsection (1) would require application of the "reasonably in dispute" language to all categories of claimants identified under Subsection (4)—insureds as well as third-party tort claimants. Had the Legislature intended this result, there would have been no need to separate the two types of claims in Subsection (4), thus rendering a portion of Subsection (4) superfluous. Further, we are guided by the fact that Subsection (1) specifically refers to claims paid "as provided in subsection (4)," which marks a clear distinction between claims made by an insured and claims made by third-party tort claimants.

10

The Court of Appeals in this case erroneously focused on the nature of a UIM claim. The panel rationalized that while plaintiff is seeking UIM benefits provided under the Nickolas' insurance policy, he is doing more than making a "simple first-party claim."[29] The panel explained that "[i]n order for plaintiff to succeed on his UIM claim, he essentially has to allege a third-party tort claim" because UIM insurance permits an injured motorist to obtain coverage from his or her own insurer to the extent that a third-party claim would be permitted against the at-fault driver.[30] Yet the plain language of MCL 500.2006(4) distinguishes only the identity of the claimant, not the nature of the claim. The proofs required for a UIM claim do not transform "the insured" into a "third-party tort claimant" when seeking to enforce the insured's own insurance contract. The insured by definition is a party to the insurance contract, not a third party.[31] Simply because the Nickolas' UIM coverage requires a particular set of proofs in order to recover UIM benefits does not transform plaintiff's claim for benefits under the insurance policy into a tort claim.[32] In sum, the Nickolas were insureds who made a claim for benefits under their policy of insurance. Nothing in MCL 500.2006(4) permits an insurer to avoid

---

[29] *Nickola*, 312 Mich App at 387.

[30] *Id.*

[31] See *Black's Law Dictionary* (10th ed) (defining "insured" as "[s]omeone who is covered or protected by an insurance policy").

[32] A fundamental principle of insurance law is that insurance policies are contracts. See, e.g., *Auto-Owners Ins Co v Churchman*, 440 Mich 560, 566; 489 NW2d 431 (1992); *Nash v New York Life Ins Co*, 272 Mich 680, 682; 262 NW 441 (1935).

11

payment of penalty interest when the insured has not been paid benefits within 60 days of submitting to the insurer satisfactory proof of loss.[33]

## B. CASELAW APPLYING MCL 500.2006(4)

The Court of Appeals erroneously distinguished the present case from binding caselaw interpreting the UTPA's penalty-interest provision under MCL 500.2006(4). This Court, in *Yaldo*, addressed whether the "reasonably in dispute" language in MCL 500.2006(4) applied to the plaintiff's first-party claim.[34]  *Yaldo* ruled, in part, that the trial court could have awarded the plaintiff insured 12% penalty interest for the defendant insurer's untimely payment under MCL 500.2006(4),[35] noting:

> Defendant's claim that our holding would negate the "reasonably in dispute" language of MCL 500.2006(4); MSA 24.12006(4) is based on a misreading of the statute.  Its express terms indicate that the language applies only to third-party tort claimants.  Where the action is based solely on contract, the insurance company can be penalized with twelve percent interest, even if the claim is reasonably in dispute.[36]

---

[33] Defendant argues that even if the Nickolas were entitled to penalty interest under MCL 500.2006(4), they never submitted a satisfactory proof of loss as required by the statute. Having determined that the Nickolas were not precluded from receiving penalty interest on the basis of the "reasonably in dispute" language, we leave it to the trial court on remand to decide any remaining questions pertaining to plaintiff's entitlement to penalty interest under MCL 500.2006(4).

[34] *Yaldo*, 457 Mich at 348.

[35] *Id*. at 348-349.

[36] *Id*. at 348 n 4.  Defendant argues that the language "based solely on contract" in *Yaldo* supports its position that the Nickolas' claim for UIM coverage is likened to a third-party tort claim because the UIM coverage requires plaintiff to effectively prove a tort claim against defendant.  The "based solely on contract" language in *Yaldo*, however, does not alter our interpretation of MCL 500.2006(4).  This language merely differentiated

12

The Court concluded:

> We find that defendant misreads the Uniform Trade Practices Act. Clearly, plaintiff could have filed a claim under MCL 500.2006(4); MSA 24.12006(4). With respect to collection of twelve percent interest, reasonable dispute is applicable only when the claimant is a third-party tort claimant. Here, plaintiff is not such a claimant. Rather, he is seeking reimbursement for the loss of his business due to a fire. Therefore, plaintiff could have recovered interest at the rate of twelve percent per annum under the Uniform Trade Practices Act.[37]

*Yaldo* is clear that the "reasonably in dispute" language under MCL 500.2006(4) applies only to a third-party tort claimant, not insureds claiming benefits under their insurance contract.

Further, the Court of Appeals clarified any doubt *Yaldo* may have left on this issue via a conflict-panel resolution[38] in *Griswold*, which addressed the types of insurance claims subject to the "reasonably in dispute" language of MCL 500.2006(4).[39] The sole issue before the conflict panel was whether the Court was compelled to adhere to *Arco Indus Corp v American Motorists Ins Co (On Second Remand, On Rehearing)*,[40] which

---

between "the insured or an individual or entity directly entitled to benefits under the insured's contract of insurance" and third-party tort claimants. As stated, the Nickolas— the insureds—contracted with defendant for UIM coverage. The particular proofs required under the parties' insurance contract do not transform the contract into a third-party tort claim. Therefore, defendant's reliance on the "based solely on contract" language is misguided.

[37] *Id*. at 349.

[38] See MCR 7.215(J).

[39] *Griswold*, 276 Mich App at 553-554.

[40] *Arco Indus Corp v American Motorists Ins Co (On Second Remand, On Rehearing)*, 233 Mich App 143; 594 NW2d 74 (1998), aff'd by equal division 462 Mich 896 (2000).

concluded that *Yaldo* was not binding on this point and held that an insurer was not obligated to pay a claimant-insured penalty interest under the UTPA if the claim was reasonably in dispute.[41] The conflict panel in *Griswold* held:

> [T]he "reasonably in dispute" language of MCL 500.2006(4) applies only to third-party tort claimants; if the claimant is the insured or an individual or entity directly entitled to benefits under the insured's contract of insurance, and benefits are not paid on a timely basis, the claimant is entitled to 12 percent interest, irrespective of whether the claim is reasonably in dispute.[42]

The Court of Appeals distinguished the instant case from *Griswold*.[43] The panel recognized that *Griswold* supported plaintiff's argument that he was entitled to penalty interest regardless of whether the UIM claim was "reasonably in dispute."[44] But, the panel reasoned, plaintiff here was "doing more than merely making a simple first-party claim, as was involved in *Griswold*."[45] Relying on *Ferwerda*,[46] the panel concluded that

---

[41] *Griswold*, 276 Mich App at 558-559. In *Arco*, the Court of Appeals concluded that the *Yaldo* discussion of penalty interest was obiter dictum. *Arco*, 233 Mich App at 147. The *Arco* panel held that, even if the claimant was the insured, an insurer was not obligated to pay the penalty interest if the claim was reasonably in dispute. *Id*. at 148-149, relying on *Siller v Employers Ins of Wausau*, 123 Mich App 140, 143-144; 333 NW2d 197 (1983).

[42] *Griswold*, 276 Mich App at 566 (quotation marks and citation omitted).

[43] *Nickola*, 312 Mich App at 386.

[44] *Id*.

[45] *Id*. at 387.

[46] *Ferwerda*, 287 Mich App 248. In *Ferwerda*, the Court of Appeals held that penalty interest did not apply to a claim that the insurer breached the contractual duty to defend its insured against a third-party tort claim because the underlying tort claim was "reasonably in dispute." *Id*. at 260.

14

plaintiff's claim for UIM benefits was specifically tied to the underlying third-party tort claim, making the "reasonably in dispute" language applicable.[47] The panel observed that a UIM claim requires the insured to make what is essentially a third-party tort claim against his or her own insurer.[48] In such cases, the panel explained, the insurer stands in the shoes of the alleged tortfeasor, and the insured seeks benefits from the insurer that arose from the tortfeasor's liability.[49] The panel thus concluded that a claim for UIM benefits is "fundamentally" different from a typical first-party claim.[50]

We reverse. As previously stated, the plain language of MCL 500.2006(4) distinguishes the identity of the claimant, not the nature of the claim. Thus, the Court of Appeals erred by holding that the "reasonably in dispute" language applied to the claim made by the insured. The panel should have instead applied this Court's decision in *Yaldo* and the Court of Appeals' decision in *Griswold*, both of which make clear that, under the plain language of MCL 500.2006(4), if the claimant is the insured and benefits are not paid on a timely basis, the claimant is entitled to 12% penalty interest per annum irrespective of whether the claim is reasonably in dispute.[51]

---

[47] *Nickola*, 312 Mich App at 388-389.

[48] *Id*. at 387.

[49] *Id*. at 389.

[50] *Id*. at 387, citing *Adam v Bell*, 311 Mich App 528, 535; 879 NW2d 879 (2015).

[51] *Yaldo*, 457 Mich at 348 n 4; see also *Griswold*, 276 Mich App at 566. We overrule *Ferwerda* to the extent it is inconsistent with this opinion.

15

## IV. CONCLUSION

We hold that the "reasonably in dispute" language of MCL 500.2006(4) applies only to third-party tort claimants and not to an insured making a claim for UIM benefits. We reverse the Court of Appeals' decision regarding the penalty-interest provision under the UTPA. We overrule the Court of Appeals' decision in *Ferwerda* to the extent it is inconsistent with this opinion, and we remand this case to the trial court for further proceedings consistent with this opinion.

Brian K. Zahra
Stephen J. Markman
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen
Kurtis T. Wilder